EDWARD McELROY, Respondent, *v.* FLORAL PARK VILLA COMPANY, Appellant.

First Department, December 29, 1916.

Practice — when dismissal of counterclaim not upon the merits — application for judgment where several issues are tried at different terms — judgment after separate trial of issues of law and fact — final judgment.

A holding by the court at Special Term upon the pleadings that the matters alleged by the defendant do not constitute a counterclaim, although they constitute a defense, and directing the counterclaim as such to be dismissed, does not constitute a dismissal upon the merits.

Where there are several issues to be tried at different terms of the court, application for judgment must be made either at the Trial Term at which the last issue was tried, or on motion after that trial.

Section 1221 of the Code of Civil Procedure, providing for the taking of judgment after trial of issues of law and fact in the same case applies, not only to section 1220, providing as to when action may be severed, but also to section 973, providing for the separate trial of one or more issues.

There can be only one final judgment in an action at law.

APPEAL by the defendant, Floral Park Villa Company, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of April, 1916, dismissing the counterclaim contained in the answer by direction of the court at the close of defendant's opening.

*Benjamin Reass,* for the appellant.

*John Nicolson,* for the respondent.

PAGE, J.:

The action was brought to recover moneys paid by the plaintiff to the defendant upon an agreement to purchase certain real estate for the sum of $1,400, payable $140 upon the signing of the contract and $15 in each and every month thereafter until said principal sum with interest at six per cent on all unpaid balances was fully paid. The contract further provided that upon the full payment of the principal sum the premises should be conveyed to the plaintiff by a deed to be delivered by defendant, containing a clause of general warranty and full covenants and also a policy of title insurance to be issued by the Title Guaranty and Trust Company of New York. The complaint further alleges that the plaintiff paid to the defendant the sum of $1,400, having completed his payments on or about February 11, 1915, and made demand on the defendant for a deed and title policy and that the defendant failed to deliver, and that by reason of the failure of the defendant the plaintiff has elected to rescind said agreement and demand the return of the moneys paid by him. The defendant, in his answer as a separate and distinct defense and by way of counterclaim, sets forth the making of said agreement, the pay-

ment of the moneys thereunder, and that the defendant upon receiving said sums aforesaid proceeded to prepare a deed conveying to the plaintiff the title in fee simple according to the terms of his contract, and directed the Title Guaranty and Trust Company to prepare a policy of insurance upon said title, of all of which this plaintiff was duly advised, and at all the times hereinbefore mentioned did and still does refuse to accept the same; that the defendant has duly performed and offers to perform all the conditions of said contract on its part to be performed, except so much thereof as was waived by the plaintiff, and has always been ready, willing and able to perform said agreement on its part to be performed and to let and put the plaintiff into possession of the said premises, and further tenders to said plaintiff a deed and also a policy of title insurance in accordance with the terms of the contract and demands judgment that the complaint be dismissed, with costs, and that the plaintiff perform said agreement.   A reply was interposed to the counterclaim, and a separate trial of the issues raised by the counterclaim and the reply was ordered to be had at Special Term, Part III, staying the trial of the action in the Trial Term until the hearing and determination of said issue at Special Term.   When the matter came to trial before the court at Special Term, Part III, the court held upon the pleadings that the matters set up are insufficient to constitute a counterclaim, although the facts alleged might be sufficient to constitute a defense, and directed the counterclaim as such to be dismissed.

. The learned trial justice was entirely correct in this decision. The dismissal of the counterclaim was not upon the merits, and the fourth finding as a conclusion of law to that effect should be modified.   Furthermore, it was improper to direct judgment to be entered upon the decision.   Where there are several issues to be tried at different terms of the court application for judgment must be made either at the Trial Term at which the last issue was tried, or on motion after that trial.   (Code Civ. Proc. § 1221.)   This section applies not alone to section 1220 of the Code but also to section 973.   There can only be one final judgment in an action at law.   Therefore, the fourth conclusion of law should be modified to read: " The counter-

claim as such be and hereby is dismissed with $10 costs to the plaintiff."

The judgment appealed from should be vacated and set aside, without costs to either party.

CLARKE, P. J., McLAUGHLIN, SCOTT and SMITH, JJ., concurred.

Judgment vacated and set aside, without costs.