Louis Lent, Respondent, *v.* John C. Eidt, Individually, and John C. Eidt, as Executor, etc., of Katie Eidt, Deceased, Appellants, Impleaded with Edward H. Coller, Defendant.

First Department, December 19, 1941.

*Christian H. Eidt* of counsel [*Philip Burack* with him on the brief; *Christian H. Eidt*, attorney], for the appellants.

*Louis Engelberg*, for the respondent.

O'Malley, J. The questions presented are whether plaintiff established his case against both or either of the defendants and, if so, whether plaintiff sufficiently proved damages, particularly in the amount awarded by the trial justice.

Defendant John C. Eidt was the owner of a second mortgage. Upon receiving a written inquiry from the plaintiff as to whether he would sell the mortgage and at what price, Eidt forwarded it to defendant Coller who had acted as Eidt's attorney in various matters. Coller wrote plaintiff stating that he was in charge of the matter and that the owner would sell at a slight discount. An offer of $250

was refused by Eidt. Likewise, an offer of $500 received by Coller was rejected.

A subsequent offer of $750 by plaintiff to Coller was communicated by telephone to Eidt who at first told Coller he wanted to hold out for $1,000. Eidt asked Coller to hold the telephone for a moment as he wished to speak to his wife (Katie Eidt), originally a codefendant, whose estate has been made a party, she having died after institution of suit. Eidt then stated to Coller that his wife was agreeable and that the offer should be accepted.

The transaction took option form evidently because plaintiff and those associated with him were negotiating to purchase the first mortgage upon the property and were not interested in the second mortgage unless the purchase of the senior incumbrance was effected.

Thereupon, under date of March 28, 1940, an option was given to plaintiff to purchase the second mortgage for the sum of $750 and a $50 deposit was made.

This option in writing was signed by the attorney Coller as "Attorney for John C. Eidt and Katie Eidt." It is to be noted that foreclosure proceedings of the first mortgage had already been instituted and that Coller was attorney for Eidt in that suit. While ordinarily an attorney of record in a suit, or one authorized merely to negotiate, would not have authority firmly to bind the client, in our opinion there is sufficient evidence in this record to justify the trial court's conclusion that the defendant Coller had ample authority to bind defendant John C. Eidt.

The latter had referred plaintiff's inquiry to Coller. Coller handled all the negotiations save at a time when plaintiff's attorney went to Eidt's house and saw him and his wife with a view to getting defendant John C. Eidt to sign a long form contract for acquisition of the second mortgage, plaintiff having decided to exercise his option. Plaintiff's attorney testified that at this conference the defendant Eidt said he had been expecting a call and that he knew all about the purchase of the mortgage. Eidt refused, however, to sign the long form contract but read it through. He said he would send it to his attorney, Coller, but that he would not sign for a few days.

While the defendants offered contradicting evidence, the court, as already stated, was justified in crediting the foregoing testimony. Indeed, defendant John C. Eidt admitted that the defendant Coller was in charge of the entire matter and that he had so stated when plaintiff's attorney had called upon him. Under such circumstances, there was shown ample authority in defendant Coller to negotiate, not only the option, but also the sale of the second mortgage for $750.

Defendant John C. Eidt, however, later refused to go through with the arrangement and sold the second mortgage to another party for $1,000.

As to the estate of the wife, Katie Eidt, deceased, there was no proof to justify a recovery. So far as the record discloses, title was at all times in John C. Eidt and there is no evidence that his wife was ever interested, legally speaking. The fact that she approved of the sale as above detailed indicates merely a consultation between husband and wife on a matter of mutual interest. No authority was shown in defendant Coller to sign as attorney for the wife and bind her to the sale. The judgment as to her, therefore, must be reversed and the complaint dismissed.

On the question of damages, defendants maintain that there was no proper proof. In this we do not agree. Both sides called experts more or less familiar with the values of real property in the vicinity and all gave their opinions as to the value of this second mortgage, particularly considering the fact that the first was under foreclosure, but was to be bought by one taking title to the property.

These witnesses gave their opinions as to the value of the premises as a whole, less deductions to be made, including prior liens, etc., before determining the value of the second mortgage. The trial justice, adopting this theory of damages presented by the parties, gave to the $6,000 second mortgage a value of $2,450. However, from the figures as found by the trial justice set forth in his opinion, there is a patent miscalculation of some $400. The amount awarded by the trial justice, therefore, should be reduced from $2,450 to $2,050. The defendant John C. Eidt himself had sold the mortgage for $1,000. It was worth that sum at least.

In determining the value of mortgages as in the case of the premises themselves, there is no hard and fast rule. All reasonable factors should be considered and it then becomes a matter of the exercise of reasonable judgment. (*Matter of New York Title & Mortgage Co.*, 277 N. Y. 66, 80; *Matter of New York Title & Mortgage Co.*, 21 N. Y. Supp. [2d] 575, 597, 598.) The method of value here adopted by the parties came broadly within this rule. We may not, therefore, disturb the finding of the trial justice in this respect.

It follows, therefore, that the judgment against the defendant John C. Eidt, as executor and sole legatee and devisee under the last will and testament of Katie Eidt, deceased, should be reversed and the complaint dismissed as to said defendant, and the judgment against the defendant John C. Eidt modified by reducing the verdict from $2,450 to $2,050, with interest from April 5, 1940, and costs, and as so modified affirmed, with costs of this appeal to the respondent against the appellant, John C. Eidt.

TOWNLEY and UNTERMYER, JJ., concur; MARTIN, P. J., and DORE, J., dissent in part.

DORE, J. (dissenting). With the majority opinion I concur except as to the damages. The expert evidence adduced was worthless for any proper appraisal of the value of the mortgage which was shown to have been sold in the open market twice at the time in question for $750 and $1,000. On the trial court's own computation, the damages seem to be also excessive by approximately $500. Accordingly, I dissent to the extent of voting to reduce the judgment against John Eidt to $265.67, representing the difference with interest between the true market value of the second mortgage and the $750 plaintiff would have had to pay.

MARTIN, P. J., concurs.

Judgment against the defendant John C. Eidt, as executor and sole legatee and devisee under the last will and testament of Katie Eidt, deceased, reversed and the complaint dismissed as to said defendant, and the judgment against the defendant John C. Eidt modified by reducing the verdict from $2,450 to $2,050, with interest from April 5, 1940, and costs, and as so modified affirmed, with costs of the appeal to the respondent against the appellant John C. Eidt. Settle order on notice.