ROSE ATTOLINO et al., Respondents, *v.* ARTHUR STOW et al., Appellants.

Second Department, May 23, 1955.

*Raymond C. Green, William H. Stieglitz, Harry Schechter* and *Bernard Katzen* for appellants.

*York M. Iguchi* for respondents.

*Per Curiam.* Appellant Telephonics Corporation (hereinafter referred to as Telephonics), operates a plant in Huntington, Long Island, which is located approximately a mile and a half from the nearest railroad station. No public transportation service is provided from the railroad station to the plant. For that reason, Telephonics provides its employees with free transportation between the railroad and the plant by means of a panel truck which it has converted into a ten-passenger bus. In January of 1953, plaintiff Rose Attolino (hereinafter referred

to as plaintiff), utilized the bus service and, while being transported to the railroad station, was injured in an accident. Plaintiff and her husband commenced this action against Telephonics and one Stow, the operator of the bus, to recover damages for personal injuries, incidental medical expenses and loss of services. Defendants, in their answer, asserted by way of defense that plaintiff's injuries were suffered in the course of her employment and that she was at the time of the accident a fellow employee of defendant Stow. Consequently, it was asserted that plaintiff's action was barred by the applicable provisions of the Workmen's Compensation Law. An order was thereafter made, directing a separate trial of the issue raised by this defense, prior to the determination of the other issues, and an Official Referee was authorized to hear and determine the separate issue.

The learned Official Referee, to whom the matter had been referred, conducted a trial and decided that at the time when plaintiff was injured she was not in the course of her employment and was not a fellow employee of the defendant Stow, and made and signed findings of fact and a conclusion of law accordingly. He also filed a memorandum decision to the same effect, and directed that an order be settled on notice. Thereafter, he signed and directed the entry of a paper designated as an order, which does not appear to have been made on notice, except notice of the findings made, and which purports to order " that as an issue of fact, that the plaintiff did not sustain her injuries while in the course of her employment and was not a fellow employee of Arthur Stow." Defendants have appealed from this determination, so designated, and seek to review it on the merits.

The so-called order appealed from does not appear to have been made on notice and, in fact, is not an order at all. (See Civ. Prac. Act, § 127.) Neither may it be considered as a judgment. It does not purport to be one, and in any event the learned Official Referee had not decided the whole issue in the action, and had no authority to direct the entry of a judgment. His authority was exhausted when he decided the special issue referred to him, and judgment could thereafter be entered only as provided by the rules. (See Rules Civ. Prac., rules 194, 195, 198; *McElroy* v. *Floral Park Villa Co.,* 176 App. Div. 106, 108; *Halbe* v. *Adams,* 176 App. Div. 588, 597; *Freudenberg* v. *Rainbow Luminous Products,* 245 App. Div. 725, and *Water Right & Elec. Co.* v. *Rockland Light & Power Co.,* 245 App. Div. 739.) The so-called order appealed from is nothing more than a restatement by the Official Referee of the conclusion of law

stated in his decision theretofore made. A separate appeal may not be taken from such a determination.

The appeal should be dismissed, without costs.

NOLAN, P. J., WENZEL, MACCRATE, BELDOCK and UGHETTA, JJ., concur.

Appeal from an " order " which purports to determine an issue of fact dismissed, without costs.