■ SILVINA LETTA, Appellant, v. ALFONSO MERCORELLA, Respondent.— In an action (1) to rescind an agreement and a promissory note on the ground of fraud, and (2) to recover a sum of money alleged to have been advanced as a loan upon the fraudulent representation that repayment of the money would be secured by a mortgage on real property, the appeal is from a judgment entered after trial before an Official Referee granting reformation of the agreement and note, but denying rescission. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ LESTER LEWIS, Respondent, v. JOHN SCUDIERI, Appellant.— In an action by a passenger in a motor vehicle against its owner and operator to recover damages for personal injuries allegedly sustained as a result of the negligent operation of the motor vehicle, an affirmative defense was pleaded that the parties were coemployees, that the accident arose out of and in the course of their employment and that the action was barred by subdivision 6 of section 29 of the Workmen's Compensation Law. The parties stipulated that the action be removed to the nonjury calendar for a stated day and that a special trial be had to determine whether the Workmen's Compensation Law was a bar to the action. After the special trial, an order was made on September 25, 1957, setting aside the defense and restoring the case to the nonjury day calendar in order that the passenger could proceed with further proof of his cause of action. The appeals are from the order dated September 25, 1957 and from an order dated December 2, 1957 denying appellant's motion (1) to vacate the order dated September 25, 1957 on the ground that the court did not have jurisdiction of the subject matter and (2) to dismiss the action on the grounds that the parties were coemployees, that the Workmen's Compensation Law was the exclusive remedy and that the findings of the Workmen's Compensation Board were *res judicata* as between the parties as to the issues of respondent's employment. Appeal from order dated September 25, 1957 dismissed, without costs. No separate appeal lies from that order (*Attolino* v. *Stow*, 285 App. Div. 759). We have considered the merits of the appeal from that order and, if the appeal were not being dismissed, the order would be affirmed (*Miano* v. *Schneider*, 1 Misc 2d 1039, affd. 3 A D 2d 900, affd. 4 N Y 2d 732; *Lofaro* v. *Bee Cab Corp.*, 270 App. Div. 858). Order dated December 2, 1957 affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.