RUTH E. SZOLOSI, as Administratrix of the Estate of JOHN SZOLOSI, Deceased, Plaintiff, *v.* LONG ISLAND RAIL ROAD COMPANY, Defendant.

Supreme Court, Special Term, Suffolk County, February 28, 1967.

*Edwin J. Mulhern* for plaintiff. *George M. Onken* for defendant.

JACK STANISLAW, J. In opposing defendant's motion to strike certain allegations of the complaint as prejudicial plaintiff argues only that the motion itself is untimely (CPLR 3024, subd. [c]). As a matter of fact, that argument is correct, and on the question of timeliness alone plaintiff has shown a firm basis which might be available to defeat the motion.

On the other hand, a more pervasive problem persists on a substantive level. We could not disregard the papers on the motion itself demonstrating the very real existence of allegations in the complaint prejudicial to the defendant as a matter of law (*Bastek* v. *Lehigh & New England R. R. Co.*, 9 A D 2d 692; *Cook* v. *Delaware & Hudson R. R. Corp.*, 23 A D 2d 709).

In discussing a related problem Professor Siegel (McKinney's Cons. Laws of N. Y., Book 7B, CPLR 3024, 1966 Practice Commentary) indicated the probability of the instant issue, seemingly one of first impression, in pointing out that prejudicial matter in a pleading remains so whether (timely) objected to or not. Parenthetically, motions to correct supposedly vague or ambiguous pleadings are a much simpler matter for relatively strict adherence to the time limit specified. There is always disclosure, a bill of particulars and perhaps even some disad-

vantage to the pleader available in rationalization of a more inflexible insistence upon timeliness in such instances.

It is difficult to come to a conclusion upon this motion with blinders on, that is, by reference to CPLR 3024 (subd. [c]) only. To isolate procedural limitations of time and consider them in a vacuum makes almost senseless other pertinent procedural provisions. These others allow for occasional relaxation of the whole of the statute in order to secure "just" determinations (CPLR 104) by the correction or ignoring of irregularities, defects and mistakes prejudicial to a party's substantial right (CPLR 2001, 3026). The continuation of this complaint without a paring of the specified allegations would be prejudicial to defendant, and the acceptance and approval of the corrective motion would not correspondingly operate in any way to the prejudice of the plaintiff.

We find the ostensibly mandatory ("shall") time within which one may move to correct pleadings (CPLR 3024, subd. [c]) nevertheless subject to those sections of the CPLR which emphasize the wide range of judicial discretion available in dealing with essentially procedural questions. Prejudicial matter should not be permitted to stand for the sake of a literal reading of a single paragraph of a single section, one sentence of which deals with the time within which a particular motion shall be brought. It is inconceivable that one sentence might in effect override the express concept of that same statute which has so carefully afforded judicial latitude in the event such an unwholesome reading as is urged here. The motion is granted.