■ MICHAEL FIALA et al., Appellants, v JOHN SHRAGER et al., Respondents, and FRANCES CAMARDELLA, Intervenor-Appellant.—The appeals are from (1) an order of the Supreme Court, Rockland County, dated March 15, 1978, which, *inter alia,* (a) determined that the intervenor-appellant was the agent of plaintiff Michael Fiala on June 13, 1975 when she purchased a bond and mortgage for $50 and (b) directed that the defendants be paid certain sums of money and (2) a further order of the same court, entered April 14, 1978 which denied plaintiffs' motion to resettle the order dated March 15, 1978. Order dated March 15, 1978 modified by deleting therefrom the second through the eighth decretal paragraphs. As so modified, order affirmed and the matter is remanded to Special Term for a hearing in accordance herewith. Appeal from order entered April 14, 1978 dismissed. No appeal lies from an order denying a motion to resettle an order (cf. *Katz v Katz,* 13 AD2d 529). Defendants are awarded one bill of $50 costs and

disbursements payable by the plaintiffs. The order under review is the culmination of a motion by the defendants, pursuant to CPLR 5240, to vacate and set aside an execution sale conducted by the Sheriff of Rockland County on June 13, 1975. By order of reference dated May 3, 1976 a hearing was directed to determine the following issues: (1) whether intervenor-appellant Frances Camardella was the agent of plaintiff Michael Fiala on the date of the sale; and (2) if it be so determined, what is the difference between the sales price and the fair and reasonable value of a certain bond as of June 13, 1975. Following the hearing, it was determined in the order under review dated March 15, 1978, *inter alia,* that Frances Camardella was the agent of Michael Fiala on June 13, 1975 at the time she purchased the bond and mortgage in the face amount of $120,310.67 for the sum of $50, that the fair and reasonable value of the bond and mortgage at the time was $60,000, and that the difference between the sales price and the fair and reasonable value of the bond and mortgage is $59,950. The March 15, 1978 order directed the plaintiffs to file a satisfaction of a default judgment which had been entered against the defendants, directed that plaintiffs pay to defendants the sum of $17,929.82 with interest from June 13, 1975, which sum represents the amount collected by the plaintiffs from the defendants on the default judgment by levies prior to the sale of the bond and mortgage, and further directed the plaintiffs and Frances Camardella to pay the defendants the sum of $17,929.82 with interest from June 13, 1975, which sum represents the difference between the full amount of the default judgment and the value of the bond and mortgage, less the $50 paid thereon. We agree with the finding that Frances Camardella was the agent of Fiala on June 13, 1975 when she purchased the bond and mortgage, as it is fully supported by the record. The reference hearing record lacks, however, satisfactory evidence as to the value of the bond and mortgage as of the date of the Sheriff's sale. The record discloses that (1) a bond and a mortgage in the amount of $120,310.67 were executed by Fiala on September 10, 1971 as a purchase money mortgage covering two parcels owned by defendants subject to two first mortgages that had a total existing balance due in September, 1971 of approximately $34,000; (2) Fiala subsequently sued the defendants and recovered a default judgment; (3) pending determination of an appeal from the default judgment, the bond and mortgage were filed in escrow with the County Clerk of Rockland County pursuant to an order of this court made upon defendants' application to stay enforcement of the judgment pending appeal; (4) following the dismissal of defendants' appeal for failure to prosecute, the Sheriff of Rockland County levied, pursuant to the default judgment, on bank accounts of the defendants, leaving an unpaid balance in the sum of $24,119.55; (5) a judgment of the Supreme Court, Rockland County, dated April 3, 1975, directed the sale of the bond and mortgage as a result of a proceeding brought by Fiala in further execution of his judgment; and (6) at the execution sale Frances Camardella purchased the bond and mortgage for the sum of $50. The record is unclear as to the basis upon which the fair and reasonable value of the bond and mortgage was determined. Assuming that the parties interpreted the order of reference which mentions only the bond to include the mortgage with the bond, the question becomes, what is the market value of the mortgage? This in turn depends in part, but not entirely, upon the market value of the land (see *Matter of New York Tit. & Mtge. Co.,* 277 NY 66, 77). "In determining the value of mortgages as in the case of the premises themselves, there is no hard and fast rule. All reasonable factors should be considered and it then becomes a matter of the exercise of

reasonable judgment" *(Lent v Eidt,* 263 App Div 73, 75). *Lent* cites *Matter of New York Tit. & Mtge. Co. (supra,* p 80) wherein the Court of Appeals, speaking of factors to be considered, said "we do not mean to imply that the value of a mortgage must be appraised entirely upon the basis of the more tangible factors like the location of the property, the suitability of any improvement thereon and the rental income. We take it that the appraiser should envisage possible consequences of foreclosure, e.g., whether income would be diminished thereby with the result that new money would be required for carrying charges while the property was held thereafter, and whether additional financing would perhaps be an essential requisite of a resale. In a contingency of that sort, it might be advantageous that some other mortgage be placed and in that aspect appropriate consideration may properly be given by the appraiser to the amount for which a valid trust investment in the property could then probably be made." The record in the instant case does not disclose that these factors have been sufficiently explored so as to provide a basis for determining the market value as required by the order of reference. Accordingly, the matter must be remanded to Special Term for a further hearing. In any event, no order should have been entered directing the payment of sums of money by the plaintiffs since the Justice to whom the matter was referred for hearing had no authority to do so by virtue of the order of reference *(Attolino v Stow,* 285 App Div 759). "His authority was exhausted when he decided the special issue referred to him, and judgment could thereafter be entered only as provided by the rules" *(Attolino v Stow, supra,* p 761). Nor do we think, in the present posture of this record, that authority for the order entered herein against the plaintiffs can be found in the provisions of CPLR 5240 (cf. *Wandschneider v Bekeny,* 75 Misc 2d 32). Hopkins, J. P., Damiani, Titone and O'Connor, JJ., concur.