■ JOSEPH A. BRYAN, Respondent, v STATE-WIDE INSURANCE COMPANY, Appellant.—In an action to recover attorney's fees allegedly due and owing to the plaintiff's attorney for the defense of a civil action, the defendant insurer appeals from (1) an interlocutory judgment of the Supreme Court, Suffolk County (Gowan, J.), entered September 15, 1987, which denied its motion for summary judgment, granted the plaintiff's motion for summary judgment and (2) a judgment of the same court, entered April 5, 1988, which, after an inquest, awarded

judgment to the plaintiff and against the defendant in the principal amount of $12,900.

Ordered that the appeal from the interlocutory judgment is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the interlocutory judgment entered September 15, 1987 must be dismissed because the right of direct appeal therefrom terminated with the entry of the final judgment in the action on April 5, 1988. (See, Matter of Aho, 39 NY2d 241, 248.) The issues raised on appeal from the interlocutory judgment are brought up for review and have been considered on the appeal from the final judgment (CPLR 5501 [a] [1]).

By letter dated July 7, 1980, the plaintiff insured, through his attorney, advised the defendant insurer that a lawsuit had been commenced against him in which certain, but not all, of the claims fell within the scope of the policy's coverage. Although the defendant initially denied that it was obligated to defend and disclaimed liability, it subsequently reassessed its position and conceded that certain of the allegations made against the defendant gave rise to a duty to defend. Since the plaintiff preferred to be represented by the attorneys whom he had previously retained, the defendant insurer reached an agreement with plaintiff's counsel under which its obligation to pay for plaintiff's counsel fees would be capped at $2,500. Although letters were mailed directly to the plaintiff advising of the defendant's original disclaimer and subsequent change of position, the record reveals that the defendant provided no notice, written or otherwise, to the plaintiff regarding the fee arrangement it had reached with his attorney. Moreover, the only documentary evidence that such an agreement had, in fact, been reached was a 1980 confirmatory letter mailed by the insurer to the managing attorney of the firm representing the plaintiff.

By September 1982, the plaintiff had become increasingly concerned that his attorneys were not adequately representing him, since he had received no status reports on the progress of the case and, despite repeated telephone requests for information, received no response from the attorney representing him at the firm. As a consequence, the plaintiff retained new counsel, who successfully represented him at trial. After the conclusion of the trial, however, the defendant paid $2,500 to the original attorney but declined to pay the bill submitted by

substituted counsel. This action for reasonable attorney's fees ensued. Both the plaintiff and defendant moved for summary judgment. The Supreme Court granted the plaintiff's motion.

An insurer is obligated to defend the insured against lawsuits where the insurer would be liable only upon some of the grounds for recovery. However, because the insurer's interest in defending the lawsuit may be in conflict with the insured, the insured is entitled to defense by an attorney of his or her own choosing, whose reasonable fee is to be paid by the insurer *(Public Serv. Mut. Ins. Co. v Goldfarb,* 53 NY2d 392; *Western World Ins. Co. v Jean & Benny's Rest.,* 69 AD2d 260, 263-264, *appeal dismissed* 48 NY2d 653). Attempting to rely on the principles of agency law and the doctrine of accord and satisfaction, the defendant contends that its agreement with the original firm was binding on the plaintiff and that its subsequent payment to that firm satisfied the accord, precluding the plaintiff's claim for reasonable attorney's fees of substituted counsel. We disagree.

The defendant has failed to establish that the plaintiff's original attorneys possessed the authority to place a cap on the insurer's obligation to reimburse the plaintiff for his reasonable counsel fees. An attorney cannot, by virtue of his general authority as an attorney, bind his client to what amounts to a surrender or waiver, in whole or in part, of any substantial right *(see, Matter of Gordon v Town of Esopus,* 107 AD2d 114, 116, *lv denied* 65 NY2d 609; *Lent v Eidt,* 263 App Div 73, *affd* 288 NY 603; 6 NY Jur 2d, Attorneys at Law, § 87, at 569-570). We agree with the Supreme Court that the insurer's obligation to reimburse its insured for reasonable counsel fees is a substantial right under the policy which cannot be bargained away where the requisite authority to do so is lacking.

At bar, there is no evidence establishing that the plaintiff was ever aware that his attorneys had agreed to place a cap on fees expended in his defense. Nor has the defendant submitted proof that the plaintiff's attorneys were empowered to bind the plaintiff to such an agreement. Moreover, the defendant's conclusory assertions that such authority nevertheless existed, or that the plaintiff knew of, and somehow ratified the agreement, neither entitle the defendant to judgment as a matter of law nor create triable issues of fact precluding the granting of judgment to the plaintiff *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065). Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.