■ ESTHER D. WEISS, as Executrix of ROBERT M. WEISS, Deceased, Respondent, v DAVID MEISELMAN et al., Appellants. —In an action, *inter alia,* for an accounting and dissolution of two alleged partnerships, the defendants appeal (1) from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 19, 1987, as denied their cross motion for severance of claims pursuant to CPLR 603, and (2) as limited by their brief, from so much of an order of the same court, dated April 12, 1988, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered November 19, 1987, is dismissed, without costs or disbursements, as that order was superseded by the order dated April 12, 1988, made upon reargument; and it is further,

Ordered that the order dated April 12 1988, is reversed insofar as appealed from, without costs or disbursements, and the cross motion for a severance of the claims is granted; and it is further,

Ordered that the order entered November 19, 1987, is modified accordingly.

The instant action was instituted by the plaintiff Esther D. Weiss, as executrix for the estate of her late husband Robert M. Weiss, seeking, *inter alia,* an accounting and dissolution of two alleged partnerships of which Dr. Weiss was a member. The first cause of action is asserted against all four named defendants and involves an alleged partnership formed in or about December 1983 by Robert M. Weiss and the four defendants for the purpose of purchasing a parcel of real property located in Austin, Texas (hereinafter the Austin property). The second cause of action is asserted solely against the defendant David Meiselman and involves an alleged partnership formed in or about December 1984 by Robert M. Weiss, David Meiselman and other unnamed individuals for the purpose of purchasing a parcel of real property located in Brewster, New York (hereinafter the Brewster property). The defendants sought pursuant to CPLR 603 to sever the claim involving the Austin property from that involving the Brewster property. The Supreme Court denied them that relief, and, upon reargument, adhered to the original determination in this regard.

Upon our review of the record, we conclude that the denial of severance constituted an improvident exercise of discretion and, therefore, we reverse *(see, e.g., County of Broome v Aetna Cas. & Sur. Co.,* 126 AD2d 818; *County of Chenango Indus. Dev. Agency v Lockwood Greene Engrs.,* 111 AD2d 508, 509). Because the claim with regard to the Brewster property does not involve 3 of the 4 defendants, there is not such an identity of factual and legal questions as to render a single trial of all claims appropriate in the interest of judicial economy *(see, Shipsey v Katz,* 58 AD2d 827; *Rauch v Berlin,* 24 AD2d 976; *cf., Pescatore v American Export Lines,* 131 AD2d 739). Moreover, contrary to the plaintiff's contention, the fact that the funds for both transactions, i.e., the purchases of the Austin and Brewster properties, were processed through the same

account, does not preclude severance. Severance of these claims will avoid prejudice to the defendants who did not participate in the purchase of the Brewster property and any confusion which might arise from a single trial of dissimilar factual issues. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.