■ C.B. FOODS, INC., et al., Appellants, v QUAREX COMPANY, Respondent. [611 NYS2d 915] —In an action, *inter alia,* to recover damages for fraud, the plaintiffs appeal from (1) an order of the Supreme Court, Putnam County (Hickman, J.), dated August 14, 1992, which granted the respondent's motion (i) to dismiss the plaintiffs' third cause of action for failure to state a cause of action, (ii) to dismiss the causes of action asserted by C.B. Foods, Inc., because it is not a party, (iii) to sever the contentions of C.B. Foods, Inc., and Christopher Bock from the second cause of action, and (iv) to strike certain matters from the complaint as scandalous, prejudicial, and unnecessary, and (2) an order of the same court dated October 1, 1992, which (i) denied the branch of its motion, in effect, to resettle the decretal paragraphs of the August 14, 1992, order, and (ii) declared that Peter Castellana, Sr., was not a party defendant.

Ordered that the appeal from so much of the order dated October 1, 1992, as denied resettlement is dismissed, without costs or disbursements, as no appeal lies from an order denying resettlement; and it is further,

Ordered that the appeal from so much of the order dated August 14, 1992, as struck certain allegations as scandalous, prejudicial, and unnecessary is dismissed, without costs or

disbursements, as no appeal lies of right from an order striking scandalous or prejudicial matter from a pleading; and it is further,

Ordered that the order dated August 14, 1992, is modified, by (1) deleting the provision thereof which severed the claims of C.B. Foods, Inc. and Christopher Bock from the second cause of action, and substituting therefor a provision denying that relief, and (2) deleting the provision thereof which dismissed the cause of action asserted by C.B. Foods, Inc., and substituting therefor a provision denying that relief; as so modified, the order is affirmed insofar as appealed from and reviewed, without costs or disbursements; and it is further,

Ordered that the order dated October 1, 1992, is reversed insofar as reviewed, without costs or disbursements, and the declaration that Peter Castellana, Sr., was not a party defendant is deleted.

No appeal lies from an order denying resettlement of the decretal paragraphs of a prior order *(see, Fiala v Schrager,* 68 AD2d 923). Thus, the portion of the order dated October 1, 1992, which denied resettlement is not properly before this Court, and the appeal therefrom must be dismissed. Further, although it appears that the plaintiff C.B. Foods, Inc., and the defendant Peter Castellana, Sr., were improperly joined in this action, this objection has been waived *(see, Yonker v Amol Motorcycles,* 161 AD2d 638; *Gavigan v Gavigan,* 123 AD2d 823; *Camacho v New York City Tr. Auth.,* 115 AD2d 691; *McDaniel v Clarkstown Cent. Dist. No. 1,* 83 AD2d 624; *Catanese v Lipschitz,* 44 AD2d 579). In addition, the court's striking of certain allegations as scandalous, prejudicial, and unnecessary is not appealable as of right *(see, Alberi v Rossi,* 108 AD2d 833; *Ocean-Clear, Inc. v Continental Cas. Co.,* 91 AD2d 680). Here, because the plaintiffs never requested leave to appeal, the issue is not properly before this Court. In any event, were we to reach this issue, we would hold the defendants' motion to strike the allegations was sufficiently timely and properly granted *(see, JC Mfg. v NPI Elec.,* 178 AD2d 505; *Wegman v Dairylea Coop.,* 50 AD2d 108; *Schachter v Massachusetts Protective Assn.,* 30 AD2d 540; *Szolosi v Long Is. R. R. Co.,* 52 Misc 2d 1081; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3024:5, at 324; 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3024.14). Moreover, the court properly dismissed the plaintiffs' third cause of action to recover damages for abuse of process, for failure to state a cause of action *(see, Curiano v Suozzi,* 63 NY2d 113; *Board of*

*Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397; *Dean v Kochendorfer,* 237 NY 384).

However, due to various points of commonality, it was an improvident exercise of discretion for the trial court to sever the fraud claims of C.B. Foods, Inc., and Christopher Bock from the second cause of action *(see, Weiss v Meiselman,* 155 AD2d 531; *Matter of Rattner v Planning Commn.,* 156 AD2d 521). Allowing the entire action to proceed as pleaded will avoid a multiplicity of trials, inconvenience and prejudice to the defendants *(see, Weiss v Meiselman, supra; Matter of Rattner v Planning Commn., supra; Zuckerman v La Guardia Hosp.,* 125 AD2d 304; *Egan v Ariens Co.,* 108 AD2d 894; *Oak Beach v Town of Babylon,* 100 AD2d 930).

We have considered the parties' remaining contentions and find them to be without merit. Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.