■ JAMES M. NATALE, Individually and as Assignor of LINDA PLEAT, et al., Respondents, v MATTHEW J. ERNST, Appellant. [881 NYS2d 232]—

McCarthy, J. Appeal from that part of an order of the Supreme Court (Nolan, Jr., J.), entered April 24, 2008 in Saratoga County, which partially granted plaintiffs' motion for partial summary judgment.

In this action alleging, among other claims, breach of contract, plaintiffs seek specific performance of an agreement to reconvey a small parcel of property located on the east side of Routes 4 and 32 in the Town of Northumberland, Saratoga County, back to plaintiff James M. Natale (hereinafter plaintiff).* Upon motions for partial summary judgment by plaintiffs and defendants, Supreme Court, among other things, found that defendant breached this agreement, granted plaintiffs summary judgment on the breach of contract cause of action and ordered specific performance. Defendant appeals. We now affirm.

The record reveals that plaintiff and defendant entered into a purchase and sale agreement in April 2002 pursuant to which plaintiff agreed to sell defendant a large parcel of property on the west side of Routes 4 and 32. Shortly prior to the closing, it was discovered that the deed for this conveyance included a small parcel across the road. This presented a closing problem because the Town's zoning laws then in effect did not permit the subdivision of this property in the absence of an area variance. Rather than walk away from the agreement, the parties added an addendum to it.

---

* Plaintiff Linda Pleat was ultimately assigned the rights under this agreement.

Pursuant to the addendum, plaintiff would convey title to the entire parcel (for no additional consideration) and defendant would reconvey the portion of the parcel that is across the road back (for no consideration) "[a]t such time as [defendant] obtains subdivision approval for the premises." The addendum further provided that "[i]f for any reason [defendant] is unable to obtain subdivision approval by December 1, 2002, [he] shall purchase the [s]mall [p]arcel from [plaintiff] for fair market value." A procedure was also outlined in the event that the parties could not agree on a price. Specifically, it was agreed that fair market value would be determined by two appraisers, one selected by each party.

Shortly after the closing, defendant's lawyer, on defendant's behalf, attempted to get subdivision approval, to no avail. The December 1, 2002 deadline passed without either party enforcing the provision requiring that defendant pay plaintiff fair market value for the small parcel. Instead, plaintiff, through his attorney and others, continued efforts to pursue subdivision approval on behalf of defendant, and defendant did nothing other than make oral offers to purchase the small parcel from plaintiff, which were rejected. In particular, defendant never had the property appraised. In February 2006, changes in the zoning laws removed the barrier for this small parcel to be subdivided. According to plaintiffs, defendant nevertheless refused to take the necessary steps to have the property subdivided, thus resulting in this action.

In moving for summary judgment and seeking specific performance of the addendum, namely, an order directing defendant to apply for subdivision approval in light of the recent zoning amendments, plaintiffs argued that defendant waived the December 1, 2002 deadline for subdivision approval. In opposition, defendant argued that he never "affirmatively" or "intentionally" waived any deadline. It is axiomatic that "[c]ontractual rights may be waived if they are knowingly, voluntarily and intentionally abandoned" (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006]; *see General Motors Acceptance Corp. v Clifton-Fine Cent. School Dist.*, 85 NY2d 232, 236 [1995]). Moreover, waiver of a contractual right "may be established by affirmative conduct or by failure to act so as to evince an intent not to claim a purported advantage . . . and must be based on a clear manifestation of intent to relinquish a contractual protection" (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d at 104 [internal quotation marks and citations omitted]; *see Richard A. Hutchens CC, L.L.C. v State of New York*, 59

AD3d 766, 770 [2009]). While the existence of an intent to waive a contractual right generally presents a question of fact (*see e.g. Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d at 104), we agree with Supreme Court's finding that the record establishes as a matter of law that defendant waived enforcement of the deadline and never thereafter withdrew that waiver (*see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]).

The record reveals that defendant's lawyer, expressly on defendant's behalf, gave plaintiff's attorney written authorization to continue efforts to obtain subdivision approval on August 3, 2004, which was long after the deadline passed. Defendant acknowledged that this attorney was his "lawyer throughout this whole thing." Moreover, he never specifically denied that he authorized his attorney to sign this document but rather alleged, through his current attorney's affidavit, that he "does not recall" doing so. Under these circumstances, the written authorization signed by defendant's attorney (*see Lent v Eidt*, 263 App Div 73 [1941], *affd* 288 NY 603 [1942]) constitutes "evidence from which a clear manifestation of intent by defendant to relinquish the protection of the contractual [deadline] could be reasonably inferred" (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]). In addition to this document, additional letters in the record, particularly two authored by defendant's lawyer and copied to him, constitute evidence of an intent to waive the deadline, as well as evidence of defendant's awareness of that waiver and acquiescence in it.

First, on December 23, 2004, defendant's lawyer, on notice to him, advised plaintiff's counsel that "[b]ased upon your notification that the property was going to be re-zoned such that the [small] parcel . . . would be conforming, we ceased our efforts to obtain another appraisal. *At such time as the property is rezoned, [defendant] will honor the existing contract with [plaintiff]*" (emphasis added). Moreover, in an April 7, 2005 letter to plaintiff's counsel, again on notice to defendant, defendant's counsel expressed gladness that rezoning efforts were "moving along," stated his belief that rezoning alone "will not be sufficient for [defendant] to convey the title to the small parcel" and advised that defendant was entitled to certain reimbursement for taxes and other expenses "[a]t the time of the transfer" back to plaintiff's then assignee.

Defendant never specifically denied receipt of these letters (*cf. Bryan v State-Wide Ins. Co.*, 144 AD2d 325 [1988]; *Matter of Gordon v Town of Esopus*, 107 AD2d 114 [1985], *lv denied* 65 NY2d 609 [1985]). Rather, he averred that he did not "recall"

receiving any such letters, readily acknowledged that his attorney "definitely could have" sent them, and further claimed that, even if he had received them, he could have "ignored" them because he believed that the deadline had passed. When questioned about the December 23, 2004 letter in particular, defendant acknowledged that he never raised an objection to its contents but, rather, "probably circular filed it" (i.e., threw it out). Not only did defendant fail to object to the continued attempts to obtain subdivision approval so that the small parcel could be reconveyed, he never had the small parcel appraised. This inaction further evinces an intent on his part to resolve the matter through reconveyance, as opposed to sale, and to thus waive the deadline.

Given these facts, and regardless of any alleged subjective and unstated intent on defendant's part, the record confirms Supreme Court's finding that defendant waived the deadline and thereafter failed to withdraw that waiver. When he thereafter refused to cooperate in efforts to apply for subdivision approval under the new zoning laws, he breached the agreement. Accordingly, Supreme Court's order is affirmed.

Peters, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.