Garry, J.
Cross appeals from an order of the Supreme Court (Muller, J.), entered January 4, 2013 in Warren County, which partially granted plaintiffs motion for, among other things, summary judgment.
In October 2003, defendant, a not-for-profit corporation, entered into a 10-year commercial lease with Provident Development Corporation (hereinafter PDC). The subject premises were part of a building then being constructed by PDC. The lease provided that, following substantial completion of the construction and/or defendant’s possession of the premises, the parties would execute a confirmation agreement that would, among other things, specify the lease commencement date, finalize rental payment schedules and an early termination option, and establish the amount of certain construction “fit-up costs” to be repaid by defendant on an amortized basis. In December 2003, PDC conveyed the building to plaintiff. Despite this transfer of ownership, the confirmation agreement was subsequently executed by PDC and defendant in April 2004. The early termination clause in the agreement provided that defendant had an option to terminate the lease at the end of the seventh year upon, among other things, making a payment in the amount of one year of “base rent”; the corresponding lease provision had required payment of six months of base rent.
In 2010, defendant notified plaintiff that it was exercising its option to terminate the lease as of April 2011, and tendered payment of six months of base rent. A dispute as to the sufficiency of this payment ensued, and plaintiff commenced this breach of contract action seeking an additional six months of base rent and other sums allegedly due. Following discovery, plaintiff moved for leave to amend its complaint to adjust the amount of damages and for summary judgment in its favor. Supreme Court granted leave to amend, and also granted partial summary judgment to plaintiff by finding, as pertinent here, that the confirmation agreement was valid and that its early termination clause, rather than that of the lease, controlled the parties’ dispute.[1] The motion was otherwise denied. Defendant appeals from that part of Supreme Court’s order granting partial summary judgment to plaintiff, and plaintiff cross-appeals from that part of the order partially denying its motion.
*1358 Initially, defendant claims that plaintiff lacks standing to enforce any obligations created by the lease or confirmation agreement, as it was not a party to either document. We agree with Supreme Court that this claim was waived by defendant’s failure to assert it in the answer (see CPLR 3211 [a] [3]; [e]; Matter of Ford v New York State Racing & Wagering Bd., 107 AD3d 1071, 1076 n 6 [2013], lv denied 22 NY3d 947 [2013]). Defendant further argues that the confirmation agreement is not legally valid, as it was not signed by plaintiff and, as stated above, PDC had transferred the building to plaintiff prior to executing the confirmation agreement. However, “[a]n unauthorized execution of an instrument affecting the title to land or an interest therein may be ratified by the owner of the land or interest so as to be binding upon him [or her]” (Diocese of Buffalo v McCarthy, 91 AD2d 213, 219 [1983], lv denied 59 NY2d 605 [1983]). Such a ratification may be shown by the owner’s failure to timely repudiate' the unauthorized actions, or by conduct consistent with an intent to be bound (see Leasing Serv. Corp. v Vita Italian Rest., 171 AD2d 926, 927 [1991]). Here, plaintiff has never repudiated PDC’s execution of the confirmation agreement; on the contrary, the record reveals that, beginning on the commencement date established by the agreement and continuing through 2011, plaintiff regularly invoiced defendant for payments due at the intervals and in the amounts specified in that agreement and accepted defendant’s resulting payments—thus ratifying the confirmation agreement by accepting benefits due thereunder (see Er-Loom Realty, LLC v Prelosh Realty, LLC, 77 AD3d 546, 547-548 [2010], lv denied 16 NY3d 710 [2011]; 14A NY Jur 2d, Business Relationships § 681).
Defendant further contends that the confirmation agreement is invalid as it was signed on its behalf by a former executive director who was not authorized to do so. Defendant’s bylaws require real property transactions to be authorized by a resolution of its Executive Committee and, in April 2004, the Executive Committee duly issued a resolution authorizing defendant to enter into the lease. The resolution did not expressly mention the former executive director or the confirmation agreement, but it did authorize several named persons to designate others to “execute [lease-related] agreements [and] contracts” and to “sign any documents, without limitation required to effectuate the lease.” The lease, which is unchallenged, was signed by the former executive director, as was the subsequent confirmation agreement; we agree with Supreme Court that defendant’s challenge to the authority of its former executive director to sign the confirmation agreement is inconsistent with *1359 its acceptance of her signature on the lease. Further, we find that the authority conferred by these provisions plainly extends to the confirmation agreement, as this document was expressly referenced in the lease as a related agreement intended to finalize and effectuate the lease terms. Additionally, we find that defendant’s failure to raise this claim when the documents were signed, and its performance under the lease and confirmation agreement thereafter, effectively ratified the former executive director’s signature on both documents. As previously discussed, “ratification ... is an adoption of the acts of another by one for whom the other assumes to be acting, [albeit] without authority” (Jayne v Talisman Energy USA, Inc., 84 AD3d 1581, 1583 [2011], lv denied 17 NY3d 710 [2011] [internal quotation marks and citations omitted]).[2] We find no error in Supreme Court’s conclusion that defendant failed to identify triable issues of fact as to the validity of the confirmation agreement, and that its terms therefore control the parties’ dispute.
We further agree with Supreme Court that ambiguities in the language of the confirmation agreement prevent summary determination of the amounts due to plaintiff under the early termination provision. Contrary to defendant’s claim, these ambiguities do not render the confirmation agreement so indefinite as to be unenforceable; its language is sufficiently clear to manifest the parties’ intention to be bound and to permit objective determination of their meaning by reference to extrinsic evidence (see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91 [1991]; Cobble Hill Nursing Home v Henry & Warren Corp., 74 NY2d 475, 482-483 [1989]; Capital Dist. Enters., LLC v Windsor Dev. of Albany, Inc., 53 AD3d 767, 770-771 [2008]). Nevertheless, the requirement for payment of one year’s “base rent” in the early termination clause is ambiguous. No definition of this term appears in either document, and the parties disagree as to whether the sum due as base rent includes the “fit-up cost” payments by which defendant was reimbursing plaintiff for certain construction costs. As there is support for conflicting interpretations based upon the *1360 schedules within the documents, this aspect of the parties’ dispute cannot be resolved as a matter of law (see Yauchler v Serth, 114 AD3d 1069, 1071 [2014]).
The early termination clause in the confirmation agreement also requires defendant to reimburse “the unamortized portion of Landlord’s Work and associated transactional costs, including architectural and brokerage costs and fees.” Again, neither the terms “Landlord’s Work” nor “associated transactional costs” are defined in the documents, and the parties offer conflicting interpretations. Analysis necessarily requires factual determinations and consideration of extrinsic evidence and, as such, “is not amenable to summary disposition” (Williams v Village of Endicott, 91 AD3d 1160, 1163 [2012]; see Pozament Corp. v AES Westover, LLC, 27 AD3d 1000, 1001-1002 [2006]). Accordingly, Supreme Court properly denied plaintiffs summary judgment motion insofar as it sought a determination of the full amount of damages payable under the early termination provision.
Given the ambiguities in the confirmation agreement, we reject plaintiffs contention that defendant’s attempt to comply with the conditions of the early termination provision was so ineffective as to constitute a default and an abandonment of the lease (compare Lot 57 Acquisition Corp. v Yat Yar Equities Corp., 63 AD3d 1109, 1111 [2009]; Blumberg v Florence, 143 AD2d 380, 381 [1988]). We likewise reject plaintiff’s claim that Supreme Court should have granted summary judgment on its claims for certain other payments, including rental payments that defendant allegedly improperly offset against other credits; among other things, the parties disagree as to whether plaintiff waived its alleged contractual right to rental payments without offsets by accepting at least one partial payment in the past (see Natale v Ernst, 63 AD3d 1406, 1407 [2009], lv denied 13 NY3d 716 [2010]). Resolution of these claims requires factual determination.
Lahtinen, J.E, McCarthy and Egan Jr., JJ., concur.
Ordered that the order is affirmed, without costs.

. Supreme Court also dismissed defendant’s counterclaims as time-barred; that determination is not challenged on appeal.

. To the extent that defendant indirectly suggests that it was unaware of the confirmation agreement, any such claim is inconsistent with the explicit reference to that agreement in the lease. Further, defendant’s actions during the lease term reveal its knowledge of commencement dates and other matters established by the confirmation agreement. Among other things, minutes of a teleconference among defendant’s officials reveal their knowledge of the expiration date for the early termination option—a date established by the confirmation agreement—and their expectation to pay a “breakage fee” for early termination in an amount consistent with the 12-month payment required by that agreement.