In the Matter of the PRESBYTERIAN RESIDENCE CENTER CORPORATION, Respondent, v WALLACE WAGNER, as Assessor of the City of Rochester, et al., Appellants.—Judgment unanimously reversed, on the law and facts, without costs, and petition dismissed. Memorandum: These are consolidated proceedings pursuant to article 7 of the Real Property Tax Law in which petitioner seeks to establish that Valley Manor, an apartment complex owned and operated by it, is entitled to exemption from real estate taxes pursuant to section 421 (subd 1, par [a]) of Real Property Tax Law. The premises are a type which has been the subject of widespread litigation seeking exemption in several jurisdictions (see Ann., Homes for the Aged as Exempt from Property Taxation, 37 ALR3d 565). Petitioner is empowered by its certificate of incorporation to purchase real property, construct thereon an apartment complex and lease the apartments to persons over the age of 62 years, regardless of religious denomination. The certificate of incorporation also provides for the creation of an endowment fund, originally intended as a source of funds to subsidize those tenants unable to pay standard fees and charges, but that fund has not been created. When accepted as tenants, applicants pay a founders' fee ranging from $8,500 to $33,500, such sums being used to amortize capital costs, and they also pay regular rentals ranging from $495 to $730 per month, the price depending on the accommodation leased. The founders' fee paid by a tenant may be refunded pro rata if the lease is terminated during the first three years. The

apartment complex is intended to be self-sustaining but not profit making, and is indistinguishable from a commercial apartment complex having appurtenant recreational facilities except that it houses elderly tenants, is designed and constructed with safety features and amenities appropriate to their age and includes a health facility as an integral part of the complex. Trial Term held the property was exempt because the corporation was organized and the property used exclusively for the "moral or mental improvement of men [and] women" (Real Property Tax Law, § 421, subd 1, par [a]). Before nonprofit real property may be exempt from taxes, petitioner must establish that it is (1) organized or conducted exclusively for one or more exempt purposes specified in the statute and (2) used exclusively for such exempt purposes *(Matter of Association of Bar of City of N. Y. v Lewisohn,* 32 NY2d 143; *Matter of Genesee Hosp. v Wagner,* 47 AD2d 37, 43, affd 39 NY2d 863). Petitioner's property does not qualify for exemption pursuant to the provisions relating to the moral or mental improvement of men and women. That provision of the statute was designed to benefit organizations such as the YMCA, YWCA, Boy Scouts and Girl Scouts (see NY Legis Ann, 1972, p 266). Furthermore, it is not exempt as a charitable corporation. The purposes for which petitioner is organized are indistinguishable from the purposes of commercial real estate corporations generally, with the one exception that petitioner's complex is intended to serve elderly persons. Real property of nonprofit corporations is not exempt unless it meets the criteria of the statute and the operation of a housing project for the elderly does not, per se, qualify the property as an exempt charitable use (see 1 Opns of Counsel of St Bd of Equal & Asses No. 55, p 81; 3 Opns of Counsel of St Bd of Equal & Asses No. 16, p 34; and see *Presbyterian Homes of Synod of N. J. v Division of Tax Appeals,* 55 NJ 275). Exemption of not-for-profit housing companies for the elderly are governed by special statute in New York (see Real Property Tax Law, § 422). Moreover, were we to hold that petitioner was incorporated for one or more of the purposes specified in section 421 (subd 1, par [a]), the evidence in the record demonstrates that its property is not used for exempt purposes. The tenants pay substantial admission fees and regular rents and service charges designed to provide income to make the apartments self-sustaining, the tenants are self-supporting and the apartment complex does not dispense charity. (Appeal from judgment of Monroe Supreme Court—Real Property Tax Law, art 7.) Present—Marsh, P. J., Cardamone, Simons, Hancock, Jr., and Schnepp, JJ.