■ In the Matter of RELIGIOUS SOCIETY OF FAMILIES, Appellant, v ASSESSOR OF THE TOWN OF CARROLL et al., Respondents.—Order unanimously affirmed, without costs. Memorandum: Petitioner appeals from an order dismissing its application pursuant to section 421 (subd 1, par [a]) of the Real Property Tax Law seeking exemption of its real property from taxes. The property consists of approximately 335 acres of land located in Chautauqua County, about 25 acres of which are used for farming. The land is improved with two or three dwelling houses and barns, one of which is occupied by Calvin of Oakknoll, the founder and leader of petitioner, and his wife, Mary of Oakknoll. They farm the land and use the crops solely to support themselves. At one time there was another family living on the subject property but they were "excommunicated". Subdivision 1 of section 421 of the Real Property Tax Law sets forth two basic tests which must be satisfied before an owner of real property is entitled to exemption (see, also, *Mohonk Trust v Board of Assessors of Town of Gardiner,* 47 NY2d 476). The

first is that the owner of the land be "organized or conducted" exclusively, or primarily, for an exempt purpose, in this case a religious purpose. We agree with Trial Term that petitioner was not organized for a religious purpose. The "interim constitution" of petitioner does not set forth traditional or recognized theological principles, only the scientific or sociological principles of eugenics, ecology, population controls and land-use control. While these principles may be laudable, they do not relate to traditional concepts of religious tenets. Nor is petitioner associated "with an organized religious denomination or with an organization having as its avowed purpose the furthering of a recognized religion" (see *Matter of Swedenborg Foundation v Lewisohn,* 40 NY2d 87, 94). On the contrary, its leader expressly disavows conventional religion. Petitioner also fails the second test, that the property be used exclusively for religious purposes. On this record the primary use of the property is as a homestead for Calvin and Mary of Oakknoll. There has been only brief and incidental contact with other persons and the property has not been utilized to further any religious precept. Moreover, one tenet of petitioner is that the land be divided into parcels and distributed to its members for their use as a homestead, from which they would derive their livelihood. Thus, petitioner's argument for exemption is defeated by its own principle that the real property is for the personal use of its members (see *Matter of Presbyterian Residence Center Corp. v Wagner,* 66 AD2d 998, 999, affd 48 NY2d 885). (Appeal from order of Chautauqua Supreme Court—assessment review.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ. [73 Misc 2d 923.]