■ LEASING SERVICE CORPORATION, Respondent, v VITA ITALIAN RESTAURANT, INC., et al., Appellants.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Bergerman, J.), entered May 17, 1989 in Rockland County, which granted plaintiff's motion to set aside a verdict in favor of defendants.

Plaintiff commenced this action to recover sums allegedly due under a contract for the commercial lease of a pay telephone. The complaint alleges that defendant Vita Italian Restaurant, Inc. (hereinafter Vita) agreed to pay plaintiff total rental payments of $5,460 in 60 monthly installments of $91 and seeks judgment for the unpaid balance thereof, together with sales tax, late charges, counsel fees and collection expenses, totaling, in all, $7,801. The claim against defendant Rocco Agrusa, Vita's principal, is based upon his alleged personal guarantee of Vita's performance of the contract. Defendants denied the essential allegations of the complaint and asserted as affirmative defenses that any agreement was obtained through fraud, duress or misrepresentation and that the written agreement signed by defendants did not contain all the material terms at the time of its execution. Plaintiff moved to strike defendants' demand for a jury trial upon the ground that the lease agreement contained a mutual waiver of the right to a trial by jury. Supreme Court determined that defendants were entitled to a jury trial on their affirmative defenses of fraud, duress and misrepresentation and, further, ordered, "If the jury finds in favor of defendant, the complaint will be dismissed. If a contrary finding is returned by the jury, there will be a trial without a jury on the remaining issues."

At a subsequent jury trial, no evidence was adduced on the issues of fraud, duress or misrepresentation leading up to the execution of the contract; rather, it was Agrusa's testimony that he never signed the lease agreement. As framed by Supreme Court's charge, the sole issue for the jury's determination was whether defendants signed the purported written lease contract that plaintiff sued upon. The jury responded in

the negative to the sole interrogatory, "Was there a lease agreement between plaintiff and defendants?" Plaintiff thereafter moved for an order setting aside the jury verdict and granting judgment in its favor upon the ground that the uncontroverted evidence adduced at trial established that defendant[1] was aware of the terms of the lease, waived any defenses to the lease agreement by executing a delivery and installation certificate containing an express waiver of defenses, and thereafter ratified the contract by his conduct. Supreme Court granted the motion, reasoning that because plaintiff signed the agreement and, as determined by the jury, defendant did not sign it, the contract was binding on plaintiff but not defendant, who was permitted to "ratify or rescind at pleasure". Supreme Court found that, by accepting the telephone, allowing it to be installed on the restaurant premises and making the initial payments in the amounts specified in the "voidable" contract, defendant accepted the benefit of the contract and thus ratified it. Defendants appeal.

There must be a reversal. In our view, the doctrine of ratification has no application to the facts of this case. It is hornbook law that a contract entered into by an infant or by an unauthorized agent, corporate officer, trustee or other person purporting to act in a representative capacity, or obtained as the result of mistake or duress, is voidable (see, 66 NY Jur 2d, Infants and Other Persons under Legal Disability, §§ 7, 50-51, at 189-190, 237-238; 57 NY Jur 2d, Estoppel, Ratification and Waiver, § 76, at 107-109; 21 NY Jur 2d, Contracts, §§ 124, 130, at 531, 537). Such a party will be deemed to have ratified the contract, however, by failing to timely disaffirm or repudiate the contract or by acts consistent with an intent to be bound following discovery of the true facts or the end of the disability (see, 21 NY Jur 2d, Contracts, §§ 124, 130, at 531, 537). The doctrine of ratification presupposes the existence of a contract which by all appearances is valid and binding, but which a party may avoid or disaffirm because of legal incapacity, lack of authority, or the party's unwillingness or absence of intent to enter into it on the terms stated. Here, the jury determined that defendants did not sign the contract. Moreover, there is no evidence in the record that the contract was signed by any agent, officer or

---

1. Plaintiff, in the papers in support of the motion, and Supreme Court, in its decision and order determining it, treat the individual and corporate defendants as one.

other person acting actually or apparently on defendants' behalf. Thus, there was no contract capable of being ratified.[2]

Defendants' remaining contentions need not be considered.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Casey, Mikoll, Levine and Mercure, JJ., concur.

---

2. We note that plaintiff did not aver that defendants accepted its offer by conduct or acquiescence *(see, e.g., Costello Assocs. v Standard Metals Corp.,* 99 AD2d 227, 231, *appeal dismissed* 62 NY2d 942) before Supreme Court, or on appeal, and we therefore may not consider the applicability of that doctrine here.