■ LOTTIE M. SANDQUIST, Respondent, v SACRED HEART CHURCH, Appellant. (Appeal No. 1.) [732 NYS2d 317] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on liability only in accordance with the following Memorandum: Supreme Court erred in denying that part of defendant's motion seeking to set aside the verdict on liability as against the weight of the evidence. Plaintiff fell and fractured her hip at approximately 5:00 P.M. on December 23, 1994 when she stepped into a dark vestibule in a building owned by defendant. The building contained six apartments occupied by senior citizens, and plaintiff had been visiting a friend who resided in an apartment on the second floor. Plaintiff's friend turned on lights that illuminated both the stairway leading from her apartment to the first floor and a reception area at the base of the stairway. The switch for the light to the enclosed vestibule was located immediately to the left of the doorknob on the vestibule door. Plaintiff opened the door and stepped into the dark vestibule, missing the step down into the vestibule because she did not see it. Plaintiff's friend was behind plaintiff and had not turned on the light to the vestibule before plaintiff fell.

The jury found that defendant failed to keep the premises in a reasonably safe condition and that defendant's negligence was a substantial factor in causing plaintiff's injuries. The jury also found that plaintiff was negligent but that her negligence was not a substantial factor in causing her injuries. We conclude that the jury's finding that plaintiff's negligence was not a substantial factor in causing plaintiff's injuries could not have been reached upon any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *cf., Inserro v Rochester Drug Coop.,* 258 AD2d 923, 923-924). Because no issue has been raised with respect to the jury's award of damages, we affirm that portion of the judgment (*see, Graham v City of Rochester,* 184 AD2d 990, 992). Thus, we modify the judgment by granting that part of defendant's motion seeking to set aside the verdict on liability as against the weight of the evidence and grant a new trial on liability only. We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Negligence.) Present—Green, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.