■ EDITH R. DAMON, Respondent-Appellant, v FLEET BANK et al., Appellants-Respondents. [787 NYS2d 560]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered August 14, 2003. The order denied in part and granted in part defendants' motion for summary judgment and denied plaintiff's cross motion for dismissal of the affirmative defenses, partial summary judgment on plaintiff's claims and summary judgment dismissing the counterclaims.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in its entirety, dismissing the amended complaint, granting the cross motion in part and dismissing the counterclaims and as modified the order is affirmed without costs.

Memorandum: Plaintiff, Edith R. Damon, commenced this action against defendants, Fleet Bank, Fleet Trust (collectively, Fleet), and Scott M. Weider, a Fleet officer/employee. Plaintiff alleges 13 causes of action sounding in fraudulent misrepresentation and concealment, forgery, breach of fiduciary duty, conversion, notarial misconduct and other alleged wrongs. She seeks compensatory and punitive damages and to rescind certain transactions between Fleet and her. Defendants appeal and plaintiff cross-appeals from an order that denied in part defendants' motion for summary judgment dismissing the amended complaint, and that further denied in its entirety plaintiff's cross motion for dismissal of all affirmative defenses raised by defendants, for partial summary judgment on plaintiff's claims, and for summary judgment dismissing all of defendants' counterclaims.

We conclude that defendants are entitled to summary judgment dismissing the amended complaint in its entirety on the ground that, as a matter of law, plaintiff has surrendered or relinquished all of her instant claims by a compromise in settlement (*see generally Denburg v Parker Chapin Flattau & Klimpl*, 82 NY2d 375, 383 [1993]), or a novation (*see generally Flaum v Birnbaum*, 120 AD2d 183, 192 [1986]), or an accord and satisfaction (*see generally Denburg*, 82 NY2d at 383), or a substituted

agreement (*see generally id.* at 384), or by a waiver by plaintiff of any such claims and rights as she might have had (*see generally Matter of Flynn v Rockwell,* 295 AD2d 672, 674 [2002]), or a ratification by plaintiff of her status as pledgor/obligor and Fleet's status as a secured creditor (*see generally Rocky Point Props. v Sear-Brown Group,* 295 AD2d 911, 913 [2002]), or estoppel (*see generally Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 81-82 [1980]). In short, the arrangements or agreements entered into between plaintiff and Fleet in February-March 2000, and later in November 2000, had the effect of settling the matter or dispute between the parties and barring plaintiff's instant claims. By those arrangements, Fleet relinquished its former claims against plaintiff's husband, plaintiff, and plaintiff's property, in which claims Fleet had the requisite "good-faith belief in the merit of its position" (*Denburg,* 82 NY2d at 383, citing *Schuttinger v Woodruff,* 259 NY 212, 216-217 [1932]). Fleet did so in consideration of plaintiff's consenting to or authorizing Fleet's liquidation of certain assets of plaintiff and application of their proceeds against plaintiff's husband's debt. Subsequently, plaintiff agreed to refinance the balance of her husband's debt by taking out a loan in her own name and applying its proceeds to pay off that debt, thereby obtaining forbearance and credit from Fleet and giving up whatever rights she might have had at that time to contest either her liability for the debt or the application of her assets as collateral to the debt. Still later, plaintiff repaid Fleet's loan to her, by the further liquidation of her assets and application of their proceeds to her own debt. We thus conclude that Supreme Court should have granted defendants' motion for summary judgment in its entirety, thereby dismissing the amended complaint in its entirety and we modify the order accordingly.

We further modify the order by granting that part of plaintiff's cross motion seeking summary judgment dismissing defendants' counterclaims, which are facially insufficient and lacking in merit as a matter of law (*see Matter of Cassata v Brewster-Allen-Wichert, Inc.,* 248 AD2d 710, 712 [1998]; *ICC Bridgeport Ltd. Partnership v Primrose Dev. Corp.,* 221 AD2d 417, 418 [1995]). Present—Hurlbutt, J.P., Kehoe, Gorski, Martoche and Hayes, JJ.