■ Quail Summit, Inc., Respondent-Appellant, v Town of Canandaigua, Appellant-Respondent, and Canandaigua City School District et al., Intervenors. [797 NYS2d 676]—

Appeal and cross appeal from an order of the Supreme Court, Ontario County (Frederick G. Reed, A.J.), entered July 15, 2004. The order denied defendant's motion to dismiss the amended complaint, denied that part of plaintiff's cross motion seeking summary judgment, granted that part of plaintiff's cross motion seeking to consolidate three proceedings under RPTL article 7 with the plenary action, and denied defendant's cross motion for summary judgment seeking, inter alia, dismissal of the petitions and amended petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion, dismissing the amended complaint, granting that part of plaintiff's cross motion with respect to the fourth counterclaim and dismissing that counterclaim and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced three proceedings under RPTL article 7 for the tax years 2001 through 2003 seeking, inter alia, exemption from taxation, and in addition commenced a plenary action asserting, inter alia, a cause of action for breach of contract. Defendant moved to dismiss the amended complaint based on plaintiff's failure to comply with Town Law § 65, and plaintiff cross-moved to consolidate the proceedings with the plenary action and for summary judgment. Defendant thereafter cross-moved for summary judgment seeking, inter alia, a declaration that plaintiff's property is not tax-exempt under RPTL 420-a and seeking dismissal of the respective petitions and amended petition brought pursuant to RPTL article 7. We agree with defendant that Supreme Court erred in denying its motion to dismiss the amended complaint in the plenary action as time-barred, and we therefore modify the order accordingly. Town Law § 65 (3) provides in relevant part that "no action shall be maintained against a town upon or arising out of a contract entered into by the town unless the same shall be commenced within eighteen months after the cause of action thereof shall have accrued, nor unless a written verified claim shall have been filed with the town clerk within six months after the cause of action shall have accrued." It is well settled that an action arising out of an agreement for payment in lieu of taxes (PILOT agreement) is subject to the 18-month limitations period set forth in Town Law § 65 (3) (*see Lancaster Towers Assoc. v Assessor of Town of Lancaster*, 259 AD2d 1001, 1002 [1999]). Here, the causes of action asserted in the amended complaint in the plenary action all arise out of the PILOT agreement, and

they therefore accrued in August 2001, when defendant assessed the property as nonexempt. Plaintiff did not file a verified claim until October 2003 or commence the plenary action until December 2003, however, and thus the plenary action must be dismissed as time-barred. We note in addition that plaintiff could have challenged the assessments in a CPLR article 78 proceeding, and thus plaintiff "also had to seek declaratory relief" within the four-month limitations period applicable to CPLR article 78 proceedings, i.e., within four months after the allegedly void assessments became final (*id.* at 1003).

We reject the contention of defendant that the court erred in denying its cross motion seeking, inter alia, dismissal of the respective petitions and amended petition brought pursuant to RPTL article 7. As the party seeking to withdraw an existing exemption, defendant had the burden of establishing that the property was subject to taxation (*see Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d 328, 334-335; *Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 275 AD2d 714, 715-716 [2000]). In the context of the PILOT agreement, defendant was required to submit evidence in admissible form establishing that plaintiff was not " 'organized or conducted' exclusively, or primarily, for an exempt purpose" or, if it was, "whether the particular land for which the exemption [was] sought [was not] itself primarily used for an exempt purpose" (*Mohonk Trust v Board of Assessors of Town of Gardiner*, 47 NY2d 476, 483 [1979]). Most of defendant's submissions were not in admissible form and, in any event, defendant failed to establish that the current use of the property was not for charitable purposes (*cf. Matter of Greer Woodycrest Children's Servs. v Fountain*, 74 NY2d 749 [1989]; *Matter of Presbyterian Residence Ctr. Corp. v Wagner*, 66 AD2d 998, 999 [1978], *affd* 48 NY2d 885 [1979]).

With respect to plaintiff's cross motion, we note that the court granted that part of the cross motion seeking consolidation of the three RPTL article 7 proceedings with the plenary action, and defendant does not contend on appeal that the court erred in granting that part of the cross motion. We agree with plaintiff, however, that the court erred in denying that part of its cross motion seeking summary judgment dismissing the counterclaim for fraudulent inducement, which is lacking in merit as a matter of law (*see Damon v Fleet Bank*, 13 AD3d 1066, 1067 [2004]; *see generally Skillgames, LLC v Brody*, 1 AD3d 247, 250-251 [2003]). We therefore further modify the order accordingly. We otherwise conclude, however, that plaintiff failed to establish its entitlement to summary judgment as a

matter of law by establishing that it was " 'organized or conducted' exclusively, or primarily, for an exempt purpose [and, if so,] . . . whether the particular land for which the exemption is sought is itself primarily used for an exempt purpose" (*Mohonk Trust*, 47 NY2d at 483).

We have considered the remaining contentions of the parties and conclude that they are without merit. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Martoche and Smith, JJ.