■ In the Matter of TAP, INC., Respondent, v TINA DIMITRIA-DIS, as Assessor of the City of Troy, et al., Appellants. [853 NYS2d 214]—

Rose, J.

RPTL 420-a (1) (a) provides: "Real property owned by a corporation or association organized or conducted exclusively for religious, charitable, hospital, educational [purposes] . . . and used exclusively for carrying out thereupon one or more of such purposes . . . shall be exempt from taxation as provided in this section." To qualify for this tax exemption, "(1) the entity

must be organized exclusively for purposes enumerated in the statute, (2) the property in question must be used primarily for the furtherance of such purposes, and (3) no pecuniary profit, apart from reasonable compensation, may inure to the benefit of any officers, members, or employees, and (4) the entity may not be simply used as a guise for profit-making operations" (*Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 275 AD2d 714, 715 [2000]; *see Mohonk Trust v Board of Assessors of Town of Gardiner*, 47 NY2d 476, 483-484 [1979]).

While it is true that petitioner originally applied for this statutory exemption based upon its educational purposes and did not show that the property was being used for an educational purpose, its petition here asserts that petitioner is organized exclusively for charitable purposes and the subject property is used exclusively for housing low-income families. In support of their motion for summary judgment dismissing the petition, respondents submitted an affidavit of the Assessor recounting the reasons for denying petitioner's application and citing testimony at the grievance hearing as insufficient to establish an educational use of the property. Petitioner opposed the motion by submitting an affidavit in which Joseph Fama, its executive director, asserted that its primary objective is the creation and preservation of housing for low-income persons. Fama also described petitioner's various activities in furtherance of that objective. In her reply affidavit, the Assessor merely alleged that Fama testified at the grievance hearing that it is not a charitable organization and that only two of the 20 apartments are leased to low-income residents. In fact, however, the hearing transcript reveals that Fama explained that petitioner is not charitable only in the sense that it does not collect donations and give those moneys to needy people. Also, his testimony as to the apartments was that only two are rented at public assistance rates, but the others are rented to people "who have low money."

The provision of housing to low-income persons may constitute a charitable activity (*see Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 36 AD3d 699, 701 [2007], *lv granted* 8 NY3d 814 [2007]), and the critical factor is whether the provider subsidizes the rentals or charges less than fair market rental rates (*see id.* at 701; *Matter of Presbyterian Residence Ctr. Corp. v Wagner*, 66 AD2d 998, 999 [1978], *affd* 48 NY2d 885 [1979]; *cf. Matter of Nassau County Hispanic Found. [Board of Assessors]*, 198 AD2d 357, 358 [1993]). In our view, since respondents presented no evidence that petitioner is not currently pursuing the organiza-

tional purpose alleged by Fama (*see Mohonk Trust v Board of Assessors of Town of Gardiner*, 47 NY2d at 484), or that the majority of petitioner's apartments are rented at or above market value, respondents failed to meet their initial burden to show that petitioner is not entitled to the exemption (*see Quail Summit, Inc. v Town of Canandaigua*, 19 AD3d 1026, 1028 [2005], *lv dismissed* 6 NY3d 806 [2006]). In any event, the record includes Fama's testimony that the rents charged for its apartments are capped, at least some apartments are rented at reduced rates, and the rental income is less than could otherwise be realized and is insufficient to meet its expenses. We find this sufficient to raise questions of fact as to petitioner's eligibility for the statutory exemption (*see Matter of Eckerd Corp. v Gilchrist*, 8 AD3d 876, 876 [2004]). Thus, Supreme Court did not err in denying respondents' motion for summary judgment.

Mercure, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs. [*See* 2007 NY Slip Op 31041(U).]