■ In the Matter of QUAIL SUMMIT, INC., Appellant, v TOWN OF CANANDAIGUA et al., Respondents, and CANANDAIGUA CITY

School District et al., Intervenors-Respondents. (Appeal No. 1.) [864 NYS2d 609]—

Appeal from an order of the Supreme Court, Ontario County (Kenneth R. Fisher, J.), entered January 8, 2007 in a proceeding pursuant to RPTL article 7. The order, among other things, adjudged that petitioner is not entitled to a tax exemption pursuant to RPTL 420-a (1) (a).

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced three proceedings pursuant to RPTL article 7 challenging its real property tax assessments for the tax years 2001 through 2003. Addressing first the order in appeal No. 2, in which Supreme Court denied petitioner's motion to settle the order in appeal No. 1, we note that petitioner on appeal has not addressed that order. Thus, we affirm the order in appeal No. 2 (see generally Sandquist v Sacred Heart Church, 288 AD2d 865 [2001]).

We conclude with respect to the order in appeal No. 1 that the court properly determined, following a nonjury trial, that petitioner was not entitled to a tax exemption pursuant to RPTL 420-a (1) (a). Petitioner concedes that the subject property is used to provide housing to elderly persons at market rates, and it is well settled that "real property . . . being used as a retirement community for 'middle-income' elderly does not qualify for a tax exemption under [RPTL] 420-a" (Matter of Greer Woodycrest Children's Servs. v Fountain, 74 NY2d 749, 751 [1989]; see Matter of Presbyterian Residence Ctr. Corp. v Wagner, 66 AD2d 998, 999 [1978], affd for reasons stated 48 NY2d 885 [1979]). Petitioner contends that the property is tax exempt because it lessened a burden of government and, indeed, respondent Town of Canandaigua previously awarded the exemption and admitted that petitioner's operation of the property to provide housing to the elderly lessened a burden of government. That contention lacks merit. Even assuming, arguendo, that lessening a burden of government would justify an exemption under RPTL 420-a (see Matter of Canton Human Servs. Initiatives, Inc. v Town of Canton, 4 Misc 3d 413, 420-422 [2004]; see generally Mohonk Trust v Board of Assessors of Town of Gardiner, 47 NY2d 476, 483-484 [1979]), we conclude that petitioner failed to establish that any cognizable burden of government was lessened by its use of its property.

Petitioner further contends that NY Constitution, article XVI,

§ 1 prohibits respondents from revoking the tax exemption because it prohibits the revocation of tax exemptions that were granted with respect to "real or personal property used exclusively for religious, educational or charitable purposes as defined by law" (*id.*; *see Health Servs. Med. Corp. of Cent. N.Y. v Chassin,* 175 Misc 2d 621, 627 [1998], *affd* 259 AD2d 1053 [1999]; *Matter of American Socy. for Prevention of Cruelty to Animals v Tax Commn. of City of N.Y.,* 113 Misc 2d 427, 432 [1981]). That contention also lacks merit, however, because the record establishes that the property is not used for any of those purposes. Thus, the tax exemption was properly revoked because it was erroneously awarded in the first instance (*see* RPTL 553 [1] [f-1]).

We have considered petitioner's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Smith, Centra, Fahey and Gorski, JJ.