■ In the Matter of LAKE FOREST SENIOR LIVING COMMUNITY, INC., Appellant, v ASSESSOR OF THE CITY OF PLATTSBURGH et al., Respondents. [898 NYS2d 369]—

Peters, J.P. Appeal from an order of the Supreme Court (Muller, J.), entered April 13, 2009 in Clinton County, which, among other things, in a proceeding pursuant to RPTL article 7, granted respondents' motion for summary judgment dismissing the first and second causes of action.

Petitioner is a not-for-profit organization that operates a 44-unit congregate living facility (hereinafter CLF) on Lake Champlain in the City of Plattsburgh, Clinton County. According to petitioner, the CLF is used exclusively in furtherance of its charitable mission to provide moderately-priced housing and supportive services to the elderly. In 2004, respondent Assessor of the City of Plattsburgh granted petitioner's application for a tax exemption for the CLF parcel pursuant to RPTL 420-a. For each subsequent year through 2008, petitioner applied for and was granted renewal of the charitable exemption. Shortly after filing the final assessment roll on July 1, 2008, the Assessor petitioned respondent City of Plattsburgh Board of Assessment Review (hereinafter Board) seeking to correct the 2008 assessment roll and reclassify the CLF parcel as nonexempt. By a notice of determination issued in October 2008, the Board denied petitioner's request for an exemption and amended the tax roll to list the CLF"s designation as nonexempt with an assessment value of $5,415,400.

Petitioner thereafter commenced this RPTL article 7 proceeding against the Assessor, the Board and respondent City of Plattsburgh (hereinafter collectively referred to as the City respondents) seeking, among other things, to have the CLF parcel struck from the 2008 tax roll.* In its first cause of action, petitioner asserted that, because there was no change in the use of the property, the City respondents' assessment was "unlawful, without justification, in violation of lawful procedure, affected by errors of law, arbitrary and capricious, and an abuse of discretion." Petitioner alleged in its second cause of action entitlement to the charitable tax exemption pursuant to RPTL 420-a (1) (a). Respondents' motion for summary judgment dismissing petitioner's first and second causes of action was granted by Supreme Court, prompting this appeal.

We reject petitioner's argument that its previously granted tax exemption could be rescinded only upon a showing of a change in the use of the CLF parcel. The Court of Appeals has

---

* Shortly after commencement of this proceeding, the parties stipulated to allow the Plattsburgh City School District to intervene as a respondent. The District joins in the City respondents' brief.

repeatedly held that where a municipality "is seeking to withdraw a previously granted tax exemption, the municipality bears the burden of proving that the real property is subject to taxation" (*Matter of New York Botanical Garden v Assessors of Town of Washington*, 55 NY2d 328, 334 [1982]; *accord Matter of Lackawanna Community Dev. Corp. v Krakowski*, 12 NY3d 578, 581 [2009]; *see Matter of Watchtower Bible & Tract Socy. of N.Y. v Lewisohn*, 35 NY2d 92, 96-97 [1974]). This burden may be met by proving, for example, a change in the law governing the applicable exemption (*see e.g. Matter of Niagara Mohawk Power Corp. v Town of Potsdam Bd. of Assessors*, 216 AD2d 775, 776 [1995], *lv denied* 87 NY2d 802 [1995]), a change in the use of the property (*see e.g. Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 275 AD2d 714, 715 [2000]), or that the tax exemption "was erroneously awarded in the first instance" (*Matter of Quail Summit, Inc. v Town of Canandaigua*, 55 AD3d 1295, 1297 [2008], *lv denied* 11 NY3d 716 [2009]; *see* RPTL 553 [1] [f-1]). Thus, while demonstrating a change in the use of the property is one basis for a municipality to withdraw a previously granted tax exemption, it is not, as petitioner suggests, the exclusive basis for doing so.

We agree with Supreme Court's conclusion that the CLF parcel was not entitled to an exemption from taxation pursuant to RPTL 420-a (1) (a) for property used exclusively for charitable purposes. In order to qualify for this tax exemption, "(1) the entity must be organized exclusively for [the] purposes enumerated in the statute, (2) the property in question must be used primarily for the furtherance of such purposes, . . . (3) no pecuniary profit, apart from reasonable compensation, may inure to the benefit of any officers, members, or employees, and (4) the entity may not be simply used as a guise for profit-making operations" (*Matter of TAP, Inc. v Dimitriadis*, 49 AD3d 947, 947-948 [2008] [citations omitted]; *see* RPTL 420-a [1]; *Baldwin Research Inst., Inc. v Board of Assessment Review of Town of Amsterdam*, 66 AD3d 1304, 1305 [2009], *lv denied* 14 NY3d 702 [2010]).

Here, petitioner's monthly rental rates range from $2,075 to $2,483, or from $1,094 to $1,238 if the resident pays an equity deposit of between $73,500 and $94,760. Moreover, petitioner has over $1,000,000 in reserves and retained earnings of $1,900,000. Although petitioner claims a "policy" of not displacing residents if their finances become such that they are unable to pay rent, petitioner's standard lease agreement contains no indication that a tenant would not be evicted upon an inability to pay. In addition to housing elderly tenants, petitioner also

provides an array of residential and supportive services tailored to address their special needs, including age-appropriate design features and amenities, emergency response and monitoring, health and wellness programs, medical transportation and other services such as laundry and trash removal. However, many of these services are not provided free of charge but, rather, are paid for by petitioner's middle income tenants. The proof further revealed that, from 2005 through 2008, none of petitioner's tenants received Supplemental Security Income or other government benefits. On this basis, the City respondents argued that, although petitioner may be organized as a not-for-profit entity, the property was not being used for a charitable purpose and, as such, was properly taxable. In response, petitioner claimed that the various personal care services that it provides to its elderly residents distinguishes it from a mere provider of housing to the elderly and entitles it to the charitable exemption from taxation.

"The provision of housing to low-income persons may constitute a charitable activity, and the critical factor is whether the provider subsidizes the rentals or charges less than fair market rental rates" (*Matter of TAP, Inc. v Dimitriadis*, 49 AD3d at 948 [citations omitted]; *see Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 36 AD3d 699, 701 [2007], *affd* 10 NY3d 205 [2008]; *Matter of Presbyterian Residence Ctr. Corp. v Wagner*, 66 AD2d 998, 999 [1978], *affd for reasons stated below* 48 NY2d 885 [1979]). However, "renting homes to elderly people who are not poor is not a 'charitable' activity" (*Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 10 NY3d 205, 214 [2008]; *see Matter of Greer Woodycrest Children's Servs. v Fountain*, 74 NY2d 749, 750-751 [1989]; *Matter of Presbyterian Residence Ctr. Corp. v Wagner*, 66 AD2d at 999). Thus, petitioner's provision of housing to middle-income seniors at market rates, without subsidy, does not constitute a charitable activity (*see Matter of United Church Residences of Fredonia, N.Y., Inc. v Newell*, 10 NY3d 922, 923 [2008]; *Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 10 NY3d at 214; *Matter of Greer Woodycrest Children's Servs. v Fountain*, 74 NY2d at 750-751; *Quail Summit, Inc. v Town of Canandaigua*, 19 AD3d 1026, 1028 [2005]; *Matter of Presbyterian Residence Ctr. Corp. v Wagner*, 66 AD2d at 998-999). That petitioner also provides its residents with personal care services does not make its activity "charitable" (*see Matter of Presbyterian Residence Ctr. Corp. v Wagner*, 66 AD2d at 998-999; *see also Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of*

*Middletown*, 10 NY3d at 214). Since the uncontested facts reveal that the CLF parcel is not being used for a charitable purpose, Supreme Court properly granted respondents' summary judgment motion dismissing petitioner's first and second causes of action and denied petitioner's cross motion for summary judgment on said causes of action.

Malone Jr., Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.