## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 26, 2015                518597
_____

In the Matter of THE CHURCH AID
    OF THE PROTESTANT EPISCOPAL
    CHURCH IN THE TOWN OF
    SARATOGA SPRINGS, INC.,
    Doing Business as HOME OF
    THE GOOD SHEPHERD,
                        Respondent-              MEMORANDUM AND ORDER
                        Appellant,

        v

TOWN OF MALTA ASSESSOR et al.,
                        Appellants-
                        Respondents.
_____

Calendar Date:  January 13, 2015

Before:  Peters, P.J., Rose, Egan Jr. and Clark, JJ.

                        _____


        Hacker Murphy, LLP, Latham (David R. Murphy of counsel),
for appellants-respondents.

        Hiscock & Barclay, LLP, Albany (Mark D. Lansing of
counsel), for respondent-appellant.

                        _____


Rose, J.

        Cross appeals from an order of the Supreme Court (Nolan
Jr., J.), entered October 1, 2013 in Saratoga County, which, in a
combined proceeding pursuant to CPLR article 78 and RPTL article
7, among other things, denied respondents' motion for summary
judgment dismissing the petition.

Petitioner, which operates an assisted living facility in the Town of Malta, Saratoga County, commenced this hybrid proceeding pursuant to CPLR article 78 and RPTL article 7 seeking a determination that it is, among other things, a charitable organization and that its facility is entitled to a real property tax exemption pursuant to RPTL 420-a because it is used principally for charitable purposes. After joinder of issue and discovery, the parties cross-moved for summary judgment. Finding issues of fact as whether petitioner's facility qualified as charitable so as to be tax exempt under RPTL 420-a, Supreme Court denied the motions. The parties cross-appeal and we affirm.

The "critical factor" in determining whether a facility used for housing the elderly qualifies for an exemption by virtue of being "charitable" is whether the facility subsidizes rent or charges less than fair market rental rates (Matter of Pine Harbour, Inc. v Dowling, 89 AD3d 1192, 1194-1195 [2011] [internal quotation marks and citation omitted]). Consideration is given to whether the facility retains the ability to terminate a resident's lease for nonpayment, whether residents are charged for supplemental services and the number of residents who are dependent on government benefits (see id. at 1195; Matter of Lake Forest Senior Living Community, Inc. v Assessor of the City of Plattsburgh, 72 AD3d 1302, 1304-1305 [2010]; see also Matter of TAP, Inc. v Dimitriadis, 49 AD3d 947, 948 [2008]). Simply providing housing for elderly low-income individuals does not constitute a charitable purpose (see Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown, 10 NY3d 205, 214 [2008]; Matter of Pine Harbour, Inc. v Dowling, 89 AD3d at 1194; Matter of Lake Forest Senior Living Community, Inc. v Assessor of the City of Plattsburgh, 72 AD3d at 1305).

In support of its motion for summary judgment, petitioner relies on information demonstrating that the rates it charges to residents are below rates charged by other facilities in the area. Respondents assert, however, that petitioner is comparing itself to residential health care facilities that provide more extensive care. Respondents also point to evidence that not all residents at petitioner's facility are charged the lower rate that petitioner relies on as being "below market" and that,

despite petitioner's claim that it does not charge for supplemental services, it will require residents who are in need of advanced services to pay for their own nursing care in order to continue their residencies.  Moreover, evidence in the record reveals that the percentage of the facility's current residents who receive government benefits is small.  While petitioner relies on its general policy that residents who have exhausted their savings and are unable to pay will nevertheless be able to remain at the facility, respondents note the lack of any admission agreement including such a clause.  Given these issues of fact with respect to the relevant criteria for determining whether petitioner's facility qualifies as "charitable" under RPTL 420-a (1) (a), the cross motions for summary judgment were properly denied (see Matter of TAP, Inc. v Dimitriadis, 49 AD3d at 948-949; see also Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye, 275 AD2d 714, 715-716 [2000]).  The parties' remaining contentions have been considered and found to be unavailing.

Peters, P.J., Egan Jr. and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court