# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1307**
**CA 16-00251**
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF THE GERRY HOMES,
PETITIONER-RESPONDENT-APPELLANT,

V                                                MEMORANDUM AND ORDER

TOWN OF ELLICOTT, ASSESSOR FOR TOWN OF
ELLICOTT AND BOARD OF ASSESSMENT REVIEW
FOR TOWN OF ELLICOTT,
RESPONDENTS-APPELLANTS-RESPONDENTS.

---

FERRARA FIORENZA, PC, EAST SYRACUSE (KATHERINE E. GAVETT OF COUNSEL),
FOR RESPONDENTS-APPELLANTS-RESPONDENTS.

PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR
PETITIONER-RESPONDENT-APPELLANT.

TIMOTHY G. KREMER, EXECUTIVE DIRECTOR, LATHAM (JAY WORONA OF COUNSEL),
FOR NEW YORK STATE SCHOOL BOARDS ASSOCIATION, INC., AMICUS CURIAE.

HINMAN STRAUB P.C., ALBANY (MATTHEW J. LEONARDO OF COUNSEL), FOR
LEADINGAGE NEW YORK, INC., AMICUS CURIAE.

---

Appeal and cross appeal from a judgment (denominated order) of
the Supreme Court, Chautauqua County (Paul Wojtaszek, J.), entered
June 11, 2015 in proceedings pursuant to CPLR article 78 and RPTL
article 7. The judgment granted in part and denied in part the
respective motions of the parties for summary judgment.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by denying petitioner's motion in its
entirety and as modified the judgment is affirmed without costs.

Memorandum: Petitioner is a not-for-profit corporation that
operates numerous facilities for elderly residents at varying levels
of care. Following construction of two facilities, The Woodlands and
Orchard Grove Residences (Orchard Grove), on a single tax parcel,
petitioner applied for a real property tax exemption pursuant to RPTL
420-a. Respondent Assessor for the Town of Ellicott denied both the
2013 and the 2014 applications, and that denial was upheld by
respondent Board of Assessment Review for the Town of Ellicott.
Petitioner commenced these CPLR article 78/RPTL article 7 proceedings
seeking, inter alia, to challenge those determinations, and both
petitioner and respondents moved for summary judgment seeking a
summary determination on the petitions. Supreme Court awarded partial

summary judgment to petitioner, concluding that the portion of property upon which Orchard Grove is situated is entitled to a real property tax exemption, but the court also awarded partial summary judgment to respondents, concluding that the portion of property upon which The Woodlands is situated is not entitled to a real property tax exemption (*see generally* RPTL 420-a [2]).  We conclude that, although the court properly awarded respondents summary judgment with respect to The Woodlands, the court erred in awarding summary judgment to petitioner with respect to Orchard Grove, and we therefore modify the judgment accordingly.

Real Property Tax Law § 420-a (1) (a) provides, in pertinent part, that "[r]eal property owned by a corporation or association organized or conducted exclusively for . . . charitable [or] hospital . . . purposes . . . and used exclusively for carrying out thereupon one or more of such purposes . . . shall be exempt from taxation as provided in this section."  It is well established that "to qualify for the exemption, (1) [the petitioner] must be organized exclusively for [the] purposes enumerated in the statute, (2) the property in question must be used primarily for the furtherance of such purposes, . . . (3) no pecuniary profit, apart from reasonable compensation, may inure to the benefit of any officers, members, or employees, and (4) [the petitioner] may not be simply used as a guise for profit-making operations" (*Matter of Maetreum of Cybele, Magna Mater, Inc. v McCoy*, 111 AD3d 1098, 1100, *affd* 24 NY3d 1023 [internal quotation marks omitted]; *see Matter of Eternal Flame of Hope Ministries, Inc. v King*, 76 AD3d 775, 777, *affd* 16 NY3d 778).  The Court of Appeals has "defined the term 'exclusively' as used in this context to connote 'principal' or 'primary' such that purposes and uses merely auxiliary or incidental to the main and exempt purpose and use will not defeat the exemption" (*Maetreum of Cybele, Magna Mater, Inc.*, 24 NY3d at 1024 [internal quotation marks omitted]; *see Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn.*, 25 NY3d 614, 623; *Matter of Association of Bar of City of N.Y. v Lewisohn*, 34 NY2d 143, 153).

Generally, the question "whether property is used 'exclusively' for purposes of [Real Property Tax Law] section 420-a is dependent upon whether the 'primary use' of the property is in furtherance of permitted purposes" (*Greater Jamaica Dev. Corp.*, 25 NY3d at 623).  We note, however, that RPTL 420-a (2) also provides that, "[i]f any portion of such real property is not so used exclusively to carry out thereupon one or more of such purposes but is leased or otherwise used for other purposes, such portion shall be subject to taxation and the remaining portion only shall be exempt."  Courts and assessors may thus parse up a single tax parcel for purposes of determining whether any portion thereof is exempt from taxation (*see Matter of ViaHealth of Wayne v VanPatten*, 90 AD3d 1700, 1701-1702; *Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 80 AD3d 118, 138-139).

It is well settled that " '[t]ax exclusions are never presumed or preferred and before [a] petitioner may have the benefit of them, the burden rests on it to establish that the item comes within the language of the exclusion' " (*Matter of Charter Dev. Co., L.L.C. v City of Buffalo*, 6 NY3d 578, 582; *see Matter of 677 New Loudon Corp. v*

*State of N.Y. Tax Appeals Trib.*, 19 NY3d 1058, 1060, *rearg denied* 20 NY3d 1024, *cert denied* ___ US ___, 134 S Ct 422; *Eternal Flame of Hope Ministries, Inc.*, 76 AD3d at 777).  The tax exemption statute will be " 'construed against the taxpayer unless the taxpayer identifies a provision of law plainly creating the exemption' . . . [, and] the taxpayer's interpretation of the statute must not simply be plausible, it must be 'the only reasonable construction' " (*Charter Dev. Co.*, 6 NY3d at 582; *see Matter of Al-Ber, Inc. v New York City Dept. of Fin.*, 80 AD3d 760, 761, *lv denied* 16 NY3d 712).  Moreover, a determination "that a taxpayer does not qualify for a tax exemption should not be disturbed 'unless shown to be erroneous, arbitrary or capricious' " (*677 New Loudon Corp.*, 19 NY3d at 1060).  Contrary to respondents' contention, on a motion for summary judgment, the court is "not limited to the record adduced before 'the agency' " and may thus consider affidavits and other evidence submitted on the motion (*Eternal Flame of Hope Ministries, Inc.*, 76 AD3d at 777).

Contrary to petitioner's contention, the court properly concluded that petitioner failed to establish that respondents' determination with respect to The Woodlands was erroneous, arbitrary, or capricious, and that respondents were entitled to summary judgment dismissing the petitions insofar as they challenged their determination with respect to that portion of the property.  The Woodlands provides independent living to seniors and operates at a profit.  It is well settled that "renting homes to elderly people who are not poor is not a 'charitable' activity" (*Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown*, 10 NY3d 205, 214), and petitioner's provision of housing to middle-income seniors at The Woodlands does not constitute "a charitable activity" (*id.* at 215; *see Matter of Greer Woodycrest Children's Servs. v Fountain*, 74 NY2d 749, 751; *Matter of Pine Harbour, Inc. v Dowling*, 89 AD3d 1192, 1194; *Matter of Quail Summit, Inc. v Town of Canandaigua*, 55 AD3d 1295, 1296-1297, *lv denied* 11 NY3d 716).  Moreover, petitioner's use of the property to operate The Woodlands is not " 'merely auxiliary or incidental' " to the use of the property to operate Orchard Grove (*Maetreum of Cybele, Magna Mater, Inc.*, 111 AD3d at 1100; *see Greater Jamaica Dev. Corp.*, 25 NY3d at 630-631; *but see Matter of Merry-Go-Round Playhouse, Inc. v Assessor of City of Auburn*, 24 NY3d 362, 368-369).  We thus conclude that the portion of the property upon which The Woodlands is situated is not entitled to a tax exemption, regardless of whether an exemption is granted for the portion of property upon which Orchard Grove is situated.

We agree with respondents, however, that the court erred in awarding summary judgment to petitioner with respect to that portion of the property upon which Orchard Grove is situated.  There are triable issues of fact whether Orchard Grove, an assisted living program facility, was used primarily for the furtherance of hospital purposes (*compare* Public Health Law § 2801 [1] *with* § 4651 [1]), or charitable purposes (*see Matter of Church Aid of the Prot. Episcopal Church in the Town of Saratoga Springs, Inc. v Town of Malta Assessor*, 125 AD3d 1218, 1219).

"The provision of housing to low-income persons may constitute a charitable activity . . . , and the critical factor is whether the provider subsidizes the rentals or charges less than fair market rental rates" (*Matter of TAP, Inc. v Dimitriadis*, 49 AD3d 947, 948; *see Church Aid of the Prot. Episcopal Church in the Town of Saratoga Springs, Inc.*, 125 AD3d at 1219; *Pine Harbour, Inc.*, 89 AD3d at 1194-1195; *Matter of Lake Forest Senior Living Community, Inc. v Assessor of the City of Plattsburgh*, 72 AD3d 1302, 1305). Here, petitioner established that it subsidized 60%-70% of its "days of service," but it did not establish either the "number of residents who are dependent on government benefits" (*Church Aid of the Prot. Episcopal Church in the Town of Saratoga Springs, Inc.*, 125 AD3d at 1219), or the market rates for similar housing (*see Pine Harbour, Inc.*, 89 AD3d at 1195). Moreover, all of petitioner's applications provide for termination of the resident for nonpayment (*see Church Aid of the Prot. Episcopal Church in the Town of Saratoga Springs, Inc.*, 125 AD3d at 1219; *Pine Harbour, Inc.*, 89 AD3d at 1195). Contrary to respondents' contention, however, the mere fact that petitioner received some economic benefit "does not by itself extinguish a tax exemption. The question is how the property is used, not whether it is profitable" (*Adult Home at Erie Sta., Inc.*, 10 NY3d at 216). "The fact that government subsidies [may] raise the amount received for low-income housing to an equivalent of market rates does not necessarily defeat the exemption" (*Matter of Association for Neighborhood Rehabilitation, Inc. v Board of Assessors of the City of Ogdensburg*, 81 AD3d 1214, 1216; *see Matter of United Church Residences of Fredonia, N.Y., Inc. v Newell*, 10 NY3d 922, 923). Inasmuch as there are "issues of fact with respect to the relevant criteria for determining whether [Orchard Grove] qualifies as 'charitable' " or as a hospital, neither party is entitled to summary judgment with respect to that portion of petitioner's property (*Church Aid of the Prot. Episcopal Church in the Town of Saratoga Springs, Inc.*, 125 AD3d at 1219; *see TAP, Inc.*, 49 AD3d at 949).

Entered:   December 23, 2016                    Frances E. Cafarell
                                                Clerk of the Court