Matter of Academy Sq. Apts. Hous. Dev. Fund Co., Inc. v Assessor of City of Utica (2021 NY Slip Op 02628)





Matter of Academy Sq. Apts. Hous. Dev. Fund Co., Inc. v Assessor of City of Utica


2021 NY Slip Op 02628


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND DEJOSEPH, JJ.


69 CA 20-00169

[*1]IN THE MATTER OF ACADEMY SQUARE APARTMENTS HOUSING DEVELOPMENT FUND COMPANY, INC., PETITIONER-PLAINTIFF-RESPONDENT,
v
ASSESSOR OF CITY OF UTICA, RESPONDENT-DEFENDANT, AND THE CITY OF UTICA, RESPONDENT-DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






WILLIAM M. BORRILL, CORPORATION COUNSEL, UTICA (KATHRYN F. HARTNETT OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT. 
BARCLAY DAMON LLP, SYRACUSE (KEVIN G. ROE OF COUNSEL), FOR PETITIONER-PLAINTIFF-RESPONDENT. 


 Appeal from a judgment (denominated order) of the Supreme Court, Oneida County (Erin P. Gall, J.), entered January 22, 2020 in a hybrid RPTL article 7 proceeding and declaratory judgment action. The judgment, among other things, granted the amended petition-complaint. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: The petitioner in appeal No. 1 and the petitioner-plaintiff in appeal No. 2 (petitioner) is the titled owner of four tax parcels in the City of Utica (City), a respondent in appeal No. 1 and a respondent-defendant in appeal No. 2, and is a New York not-for-profit charitable corporation pursuant to section 201 of the Not-for-Profit Corporation Law and article XI of the Private Housing Finance Law. In 2017, petitioner submitted an application to respondents in appeal No. 1 and respondents-defendants in appeal No. 2 (respondents) for a real property tax exemption on the subject parcels pursuant to RPTL 420-a. That application was denied, and that denial was upheld by the Board of Assessment Review. Petitioner then commenced a proceeding pursuant to RPTL article 7 seeking an order "correcting the assessment of real property of the [p]etitioner to wholly exempt" pursuant to RPTL 420-a. In appeal No. 1, respondents appeal from an order that, inter alia, denied their motion to dismiss the petition; granted petitioner's cross motion for, among other things, summary judgment on the petition; and determined that the subject parcels shall be placed on the wholly exempt tax roll pursuant to RPTL 420-a. After that order was entered, respondents moved for clarification of the order regarding, inter alia, whether a 1993 tax agreement was still in effect and binding on petitioner. The parties thereafter agreed to have petitioner amend its petition to add a cause of action for declaratory judgment regarding the effectiveness of the tax agreement in lieu of a determination of respondents' motion for clarification. Petitioner filed an amended petition-complaint (amended petition) wherein it again sought, as a first cause of action, a tax exemption under RPTL 420-a. In its second cause of action, petitioner sought a judgment declaring that the 1993 tax agreement had no force and effect as of August 1, 2017 and that petitioner had no obligation to make payments in lieu of taxes under that agreement. Thereafter, respondents moved to dismiss the amended petition, which Supreme Court, with consent of the parties, converted to a motion for summary judgment. In appeal No. 2, the City appeals from a judgment that, inter alia, denied respondents' motion and instead granted petitioner summary judgment on the amended petition after searching the record.
Preliminarily, the amended petition superseded the original petition and became the only operative pleading; thus, we dismiss appeal No. 1 as moot (see generally Basile v Riley, 188 [*2]AD3d 1607, 1608 [4th Dept 2020]).
Contrary to the City's contention in appeal No. 2, we conclude that the court properly determined that the evidence established as a matter of law that petitioner was entitled to a tax exemption pursuant to RPTL 420-a. The City concedes that petitioner satisfied the requisite criteria for the RPTL 420-a tax exemption inasmuch as petitioner is organized and exists only for charitable purposes and owns the subject parcels to provide housing for persons of low income at below market rates (see generally Matter of Adult Home at Erie Sta., Inc. v Assessor & Bd. of Assessment Review of City of Middletown, 10 NY3d 205, 214 [2008]; Matter of TAP, Inc. v Dimitriadis, 49 AD3d 947, 947-948 [3d Dept 2008]). Instead, the City contends that petitioner, which is organized and operated as a Housing Development Fund Company (HDFC) pursuant to the Private Housing Finance Law, cannot be considered a "charitable operation" under RPTL 420-a "because it has a special corporate form and receives state benefits in exchange for enhanced regulation." We reject that contention. There is nothing in RPTL 420-a or the Private Housing Finance Law that disqualifies an HDFC from receiving a tax exemption under RPTL 420-a. Furthermore, there is nothing in either statute that supports the City's position that the receipt of assistance and favorable mortgage terms by petitioner negates its charitable status. Upon our review of the relevant sections of the Private Housing Finance Law, including sections 571 and 577, petitioner's classification as an HDFC does not affect whether it qualifies for a tax exemption pursuant to RPTL 420-a.
We further agree with petitioner that the relevant sections of the RPTL and Private Housing Finance Law do not conflict and can be read together. Specifically, an HDFC project is eligible for a tax exemption under RPTL 420-a only if it satisfies the requirements of that section. An HDFC project that is not eligible for an exemption under RPTL 420-a is eligible for the permissive exemption under Private Housing Finance Law § 577. Consequently, we reject the City's contention that the "legislature clearly intended for [the] Private Housing Finance Law to sweep all HDFC's into its tax exemption regime."
Contrary to the City's final contention in appeal No. 2, petitioner did not ratify the 1993 tax agreement. "The doctrine of ratification presupposes the existence of a contract which by all appearances is valid and binding" (Leasing Serv. Corp. v Vita Italian Rest., 171 AD2d 926, 927 [3d Dept 1991]). Here, there is no dispute that petitioner was not a party to the 1993 tax agreement and that the tax agreement was not assigned to it. Consequently, the doctrine of ratification is not applicable here (see generally id.).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court